**In the Matter of Floyd W. ANDERSON, A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 83–514.**

District of Columbia Court of Appeals.

Submitted Feb. 17, 1984.

Decided March 26, 1984.

Before KERN, NEBEKER and FERREN, Associate Judges.

PER CURIAM:

By order of May 20, 1983, we temporarily suspended respondent from the practice of law. We did so upon receipt of a certified copy of a judgment and probation order filed in the United States District Court for the District of Columbia which indicated that respondent pleaded guilty to three counts of false pretenses. D.C.Code § 22–1301 (1981).

We are now in receipt of the Report and Recommendation of the Board on Professional Responsibility that respondent be disbarred from the practice of law. The Board found that respondent's offenses in-

volved moral turpitude, requiring disbarment under D.C.Code § 11–2503(a) (1981).

■ We accept the Board's findings of fact as being supported by substantial evidence of record, including a certified copy of a court record of respondent's convictions. Moreover, we agree with the Board that the crimes of which respondent was convicted involved moral turpitude for reasons set forth by the Board in its Report and Recommendation, a copy of which is attached hereto and incorporated herein by reference. Accordingly, it is

ORDERED that respondent, Floyd W. Anderson, is permanently disbarred from the practice of law in the District of Columbia pursuant to D.C.Code § 11–2503(a) (1981).

*So ordered.*

## BOARD ON PROFESSIONAL RESPONSIBILITY DISTRICT OF COLUMBIA COURT OF APPEALS

### Bar Docket No.: 178–81

IN THE MATTER OF FLOYD W. ANDERSON

### REPORT AND RECOMMENDATION

On May 20, 1983, the District of Columbia Court of Appeals, pursuant to Rule XI, § 15(1) of the Rules Governing the Bar of the District of Columbia, suspended the Respondent, Floyd W. Anderson, from the practice of law in the District of Columbia. The suspension was based on Respondent's guilty plea to the crime of false pretenses[1], District of Columbia Code § 22–1301[2], in *United States of America v. Floyd W.* *Anderson*, Criminal No. 81–00394 (DCCA 1982). Respondent was sentenced to one year on each of the three counts of the information. However, the sentence was suspended and Respondent was placed on probation for five years with a special condition that Respondent provide 200 hours of community service within the next year and one-half. The Court's order indicated that the crime of false pretenses appeared to be a crime involving moral turpitude within the meaning of D.C.Code § 11–2503(a) (1981), and the matter was referred to the Board on Professional Responsibility for institution of formal proceedings. Upon notice, Respondent has not filed any pleadings with the Board.

■ The issue before the Board is whether as a matter of law, conviction of the crime of false pretenses constitutes conviction of a crime involving moral turpitude. We conclude that it does and recommend that Respondent be disbarred. *Matter of Colson*, 412 A.2d 1160 (D.C.1979).

The District of Columbia Court of Appeals has not held that conviction of false pretenses, D.C.Code § 22–1301, constitutes conviction of a crime involving moral turpitude. However, the Court has held that conviction of a crime in which fraudulent intent is an element constitutes conviction of a crime involving moral turpitude. *In re Willcher*, 447 A.2d 1198 (D.C.1982), *In re Kerr*, 424 A.2d 94, 95 (D.C.1980), and *In re Sachs*, No. S–23–74/D–25–78, MD, filed July 17, 1978, D.C. Court of Appeals. Thus, because fraudulent intent is an ele-

1. Respondent was alleged to have devised a scheme to defraud insurance carriers by submitting fraudulent claims and making representations which he knew were false.

2. Section 22–1301. False pretenses.

(a) Whoever, by any false pretense, with intent to defraud, obtains from any person any service or anything of value, or procures the execution and delivery of any instrument of writing or conveyance of real or personal property, or the signature of any person, as maker, *indorser*, or guarantor, *to* or upon any bond, bill, receipt, promissory note, draft, or check, or any other evidence or indebtedness, and whoever fraudulently sells, barters, or disposes, or disposes of any bond, bill, receipt, promissory note, draft, or check, or other evidence of indebtedness, for value, knowing the same to be worthless, or knowing the signature of the maker, indorser, or guarantor thereof to have been obtained by any false pretense, shall, if the value of the property or the sum or value of the money, property, or service so obtained, procured, sold, bartered, or *disposed of is* $100 or upward, be imprisoned not less than 1 year nor more than 3 years; or, if less than that sum, shall be fined not more than $1,000 or imprisoned for not more than 1 year, or both....

ment of false pretenses, Respondent's plea of guilty to that crime involves conviction of a crime involving moral turpitude. Under these circumstances, we are obligated to recommend the sanction of disbarment.

Board on Professional Responsibility

By: /s/Edward B. Webb, Jr.

EDWARD B. WEBB, JR.

Date: October 13, 1983

All members of the Board participated in this decision: