In the Matter of Clifford J. BOND, Respondent.

No. 86–269.

District of Columbia Court of Appeals.

Submitted Oct. 20, 1986.
Decided Dec. 31, 1986.

Clifford J. Bond, Winston-Salem, N.C., pro se.

Thomas H. Henderson, Jr., Bar Counsel, and Michael S. Frisch, Asst. Bar Counsel, Washington, D.C., were on the brief, for the Board on Professional Responsibility.

Before PRYOR, Chief Judge, and NEBEKER and STEADMAN, Associate Judges.

PER CURIAM:

By order of March 31, 1986, we suspended respondent from the practice of law, pending a formal proceeding before the Board on Professional Responsibility as to the nature of the final discipline to be imposed. We did so upon receipt of a Judgment and Probation/Commitment order filed in the United States District Court for the Northern District of Georgia which indicated that respondent pleaded guilty to mail fraud and wire fraud, violations of 18 U.S.C. §§ 1341, 1343 (1984), and to issuing a fraudulent Federal Communications Commission (FCC) construction permit in violation of 47 U.S.C. § 301 (1986) and § 501 (1962). The Board found that respondent's offenses involved moral turpitude *per se,* requiring disbarment under D.C.Code § 11–2503(a) (1981).[1]

 A crime in which an intent to defraud is an essential element is a crime involving moral turpitude *per se. In re Anderson,* 474 A.2d 145 (D.C.1984); *In re Willcher,* 447 A.2d 1198 (D.C.1982). Specific intent to defraud is required for convictions under the federal mail and wire fraud statutes, and the fraud must be active rather than constructive. *See, e.g., United States v. Alston,* 197 U.S.App.D.C. 276, 283, 609 F.2d 531, 538 (1979); *Post v. United States,* 132 U.S.App.D.C. 189, 199, 407 F.2d 319, 329 (1968), *cert. denied,* 391 U.S. 1092, 89 S.Ct. 863, 21 L.Ed.2d 784 (1969). Thus, respondent has been convicted of at least two offenses[2] "involving moral turpitude," and his disbarment is mandated by the statute. Accordingly, it is

ORDERED that respondent, Clifford J. Bond, is disbarred from the practice of law in the District of Columbia, pursuant to D.C.Code § 11–2503(a) (1981).

*So ordered.*

---

1. In its report, the Board relied on our opinions in *In re Kerr,* 424 A.2d 94 (D.C.1980) (en banc), and *In re Donnelly,* M–49–80 (D.C., Dec. 16, 1980) (en banc) (unpublished), dealing with mail and wire fraud. The language of those cases relevant to the *per se* issue before us is perhaps somewhat blurred by the fact that in both instances, the Board had made a finding that the particular conduct of the respondent constituted moral turpitude, referring to DR 1–102(A)(3). Hence, we have undertaken here a brief de novo analysis.

2. Under these circumstances, we need not reach the issue whether respondent's conviction under 47 U.S.C. §§ 301, 501 also involved an offense constituting moral turpitude *per se.*