**In re Camilio VACCARO, Jr., Respondent.**

**No. 87–740.**

District of Columbia Court of Appeals.

Submitted March 1, 1988.
Decided March 31, 1988.

Wallace E. Shipp, Jr., Deputy Bar Counsel, Washington, D.C., entered an appearance for petitioner, the Office of Bar Counsel.

Camilio Vaccaro, Jr., pro se.

Before FERREN, ROGERS and STEADMAN, Associate Judges.

PER CURIAM:

This matter is before the court for our consideration of the report and recommendation of the Board on Professional Responsibility with respect to disciplinary proceedings concerning Camilio Vaccaro, Jr., a member of the bar of this court. On July 18, 1986, respondent was convicted in the United States District Court for the District of Columbia of conspiracy, 18 U.S.C. § 371, to violate the Truth in Lending Act, 15 U.S.C. § 1611, and the National Stolen Property Act, 18 U.S.C. § 2314. On September 25, 1987, this court referred the matter to the Board to institute formal disciplinary proceedings against respondent and to review the elements of the crimes of which respondent was convicted to determine whether they involved moral turpitude within the meaning of D.C.Code § 11–2503(a) (1981). The Board found that respondent's violation of a provision of the National Stolen Property Act prohibiting interstate transportation in furtherance of fraud, 18 U.S.C. § 2314, involved moral turpitude *per se* requiring disbarment under D.C.Code § 11–2503(a).

We accept the Board's findings of fact as they are supported by substantial evidence of record, including a certified copy of a court record of respondent's convictions. *In re Anderson,* 474 A.2d 145, 146 (D.C. 1984). Moreover, we agree with the Board that one of the crimes of which respondent was convicted, violation of a law prohibiting interstate transportation in furtherance of fraud, involved moral turpitude *per se* for reasons set forth by the Board in its report and recommendation, a copy of which is incorporated by reference. *See id.* (false pretenses); *In re Willcher,* 447 A.2d 1198 (D.C.1982) (unlawful solicitation of money from indigent whom attorney appointed to represent); *see also In re Colson,* 412 A.2d 1160 (D.C.1979) (en banc) (conviction of crime involving moral turpitude *per se* requires disbarment).

Accordingly, it is ORDERED that respondent, Camilio Vaccaro, Jr., is permanently disbarred from the practice of law in the District of Columbia pursuant to D.C. Code § 11–2503(a) (1981). This order shall take effect thirty days after the order is entered.

# DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

Bar Docket Number: 252–87

IN THE MATTER OF CAMILIO VACCARO, JR., RESPONDENT.

## REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

Respondent has been convicted in the United States District Court for the District of Columbia of conspiracy to violate the Truth-in-Lending Act ([15 U.S.C. § 1611]) and interstate transportation in furtherance of fraud in violation of 18 U.S.C. § 2314. Respondent was sentenced to a term of imprisonment of not less than one year nor more than three years.

The underlying criminal conviction arises from a scheme in which Respondent and others induced homeowners, mostly financially unsophisticated persons in the northeast section of the District of Columbia and southern Prince George's County, Maryland, to borrow money because they had incurred substantial personal debts. The homeowner/borrowers were induced to give up certain rights and protections for consumer loans and were charged interest rates averaging in excess of 45 to 50 per cent.

The District of Columbia Court of Appeals by Order dated September 25, 1987, suspended Respondent from the practice of law in the District of Columbia pursuant to Rule XI, Section 15(1) and referred the matter to this Board for a recommendation as to whether in the Board's opinion the crimes for which Respondent has been convicted involve moral turpitude within the meaning of the D.C.Code Section 11–2503(a).

The Board notified Bar Counsel and Respondent that the Board had set this matter for review pursuant to the Court's Order. The Board requested Bar Counsel and Respondent to submit briefs on the issue of whether the crimes for which Respondent had been convicted involved moral turpitude *per se.*

In the opinion of the Board, the crimes for which Respondent stands convicted involved moral turpitude *per se.* It is therefore unnecessary for the Board to refer this case to a hearing committee to receive evidence as to the factual details of the crime. *See In re Colson,* 412 A.2d 1160 (D.C.1979) (en banc).

The Court stated in *In re Colson, supra,* that once the Court has

> made a final determination that a crime involves moral turpitude, the Board must adhere to that ruling, with the result that a hearing at the Board level shall be limited to the question whether the certificate of conviction used in this Court's order of suspension ... establishes that the attorney, in fact, has been convicted of the crime charged.

412 A.2d at 1165.

The District of Columbia Court of Appeals has not held that conviction of interstate transportation in furtherance of fraud (18 U.S.C. § 2314) constitutes conviction of a crime involving moral turpitude. However, the Court has held that conviction of a crime in which fraudulent intent is an element constitutes conviction of a crime involving moral turpitude. *See In re Anderson,* 474 A.2d 145, 146 (D.C.1984) (crime of false pretenses, constitutes a crime of moral turpitude *per se* ); *In re Willcher,* 447 A.2d 1198 (D.C.1982) (unlawful solicitation of money from an indigent client whom attorney has been appointed to represent constitutes an offense involving moral turpitude *per se* ).

In the matter before us, Respondent was convicted of a crime in which intent to defraud is an element. The relevant section of Title 18 U.S.C. § 2314, as charged in Counts 4, 7, 8, 9, 10, and 13 of the re-typed indictment filed April 8, 1986, provides:

> Whoever, having devised or intending to devise a scheme or artifice to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person to travel in interstate commerce in the execution or concealment of a scheme or artifice to defraud that person of money or property having a value

of $5,000 or more ... [shall be guilty of an offense].

Therefore, because fraudulent intent is an element of the crime of interstate transportation in furtherance of a fraud, Respondent's conviction of 18 U.S.C. § 2314 constitutes conviction of a crime involving moral turpitude *per se*.

Accordingly, the Board recommends that Respondent be disbarred from the practice of law pursuant to D.C.Code Section 11–2503(a).

BOARD ON PROFESSIONAL
RESPONSIBILITY

By: /s/ Ann Keep
ANN KEEP

Date: December 7, 1987

All members of the Board concur in this report except Mr. Wilson and Miss Rosenberg who did not participate.