**In re Charles ROSENBLEET,
Respondent.**

**No. 87–640.**

District of Columbia Court of Appeals.

June 11, 1991.

Thomas E. Flynn, Bar Counsel at the time the order to show cause was filed, and Wallace E. Shipp, Jr., Deputy Bar Counsel, entered appearances for the Office of Bar Counsel.

Charles Rosenbleet, pro se.

Before TERRY and FARRELL, Associate Judges, and GALLAGHER, Senior Judge, in chambers.

TERRY, Associate Judge:

In the United States District Court for the District of Columbia, respondent Rosenbleet, an attorney, pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344 (1988),[1] and two counts of

1. At the time Rosenbleet entered his plea, 18 U.S.C. § 1344 imposed criminal penalties on anyone who
    knowingly executes, or attempts to execute, a scheme or artifice—
      (1) to defraud a federally chartered or insured financial institution; or

second-degree fraud, in violation of D.C. Code § 22–3821(b) (1989).[2] He also pleaded guilty in a state court in Montgomery County, Maryland, to one count of theft and one count of fraudulent misappropriation by a fiduciary. As a result of these convictions, Rosenbleet was disbarred in the District of Columbia. The Office of Bar Counsel then asked this court to determine whether these convictions were for offenses involving moral turpitude under D.C.Code § 11–2503(a) (1989). We issued an order directing Rosenbleet to show cause why we should not so hold, but Rosenbleet requested us to postpone our determination of the moral turpitude issue until such time as he might seek reinstatement. We denied that request and directed him to respond to the show cause order. Rosenbleet filed no further response.

■ Some crimes "manifestly involve moral turpitude by virtue of their underlying elements, and [some] do not." *In re Colson,* 412 A.2d 1160, 1164 (D.C.1979) (en banc). When an attorney is convicted of a crime in the former category, neither the court nor the Board on Professional Responsibility is obliged—or even permitted— to consider the specific conduct on which the conviction was based in determining whether that attorney should be disbarred under D.C.Code § 11–2503(a).[3] *In re Roberson,* 429 A.2d 530, 531 (D.C.1981) (en banc); *see In re Colson, supra,* 412 A.2d at 1168. The question before us in this case is whether the crimes of which Rosenbleet was convicted are among those which inherently involve moral turpitude. We are satisfied that at least two of them are.

■ This court has repeatedly held that any crime of which intent to defraud is an essential element inherently involves moral turpitude. *In re Bond,* 519 A.2d 165, 166 (D.C.1986) (citing cases). We expressly held in Bond that a specific intent to defraud "is required for convictions under the federal mail and wire fraud statutes, and the fraud must be active rather than constructive." *Id.* (citations omitted). Today we extend that holding to the federal bank fraud statute, 18 U.S.C. § 1344, a relatively recent enactment[4] which defines the elements of bank fraud in language materially identical to that of the mail fraud and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343. *See generally United States v. Goldblatt,* 813 F.2d 619, 623–624 (3d Cir.1987). We also hold that second-degree fraud under the District of Columbia Code includes, as an essential element, an intent to defraud. Given the statutory language, *supra* note 2, we could not reasonably hold otherwise. Thus we conclude that Rosenbleet has been convicted of at least two offenses inherently involving moral turpitude,[5] and that he

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a federally chartered or insured financial institution, by means of false or fraudulent pretenses, representations, or promises. . . .

The statute has since been amended to broaden its coverage and increase the maximum fine and imprisonment, but the elements of the offense have not been changed.

2. Under D.C.Code § 22–3821(b), a person who engages in a scheme or systematic course of conduct with intent to defraud or to obtain property of another by means of a false or fraudulent pretense, representation, or promise is guilty of second-degree fraud.

3. Ordinarily, disbarment is one of a series of sanctions which this court in its discretion, or in some cases the Board on Professional Responsibility, may impose on an attorney in a discipli-

nary proceeding. Other such sanctions range from probation to censure to suspension for up to three years. *See* D.C.Bar R. XI, § 3(a). Within certain limits imposed by case law and by rule, the choice of an appropriate sanction in a given case is discretionary with the court or the Board. Disbarment under D.C.Code § 11–2503(a), however—sometimes referred to in the legal community as "super-disbarment"— is mandatory upon conviction of a crime involving moral turpitude; the court has no discretion to impose a lesser sanction. *See In re Colson, supra,* 412 A.2d at 1168.

4. The bank fraud statute was added to the United States Code by Pub.L. No. 98–473, § 1108(a), 98 Stat. 1837, 2147 (1984).

5. We therefore need not consider whether the two offenses of which he was convicted in Maryland also involve moral turpitude. *See In re Bond, supra,* 519 A.2d at 166 n. 2.

must be deemed to have been disbarred pursuant to D.C.Code § 11–2503(a).

*It is so ordered.*