**In re Gary Steven MANDEL, Respondent.**

**No. 85–1648.**

District of Columbia Court of Appeals.

Argued Oct. 10, 1990.
Decided March 27, 1992.

Elizabeth A. Herman, Asst. Bar Counsel, the Office of Bar Counsel, argued for petitioner. Wallace E. Shipp, Jr., Deputy Bar Counsel, entered an appearance for petitioner, Office of Bar Counsel.

Gary Steven Mandel, pro se.

Before ROGERS, Chief Judge, STEADMAN, Associate Judge, and MACK, Senior Judge.

PER CURIAM:

Respondent seeks a hearing before the Board on Professional Responsibility to present evidence that his crimes (4 counts of obtaining possession of a controlled substance by forgery, 21 U.S.C. § 843(a)(3)) were a direct result of his addiction that began when he received dilaudid over a two year period (1982–84) from his physician to treat cervical pain. The D.C. Board on Professional Responsibility found that the crime of which Mandel had been convicted was a *per se* crime of moral turpitude, and recommended that he be disbarred if his conviction became final. BPR Report of May 12, 1986, at 3.[1] The Fourth Circuit thereafter confirmed the conviction. *United States v. Mandel*, 818 F.2d 862 (4th Cir.1987) (unpublished decision). By order of January 9, 1991, this court stayed this appeal pending our en banc decision in *In re McBride*, 602 A.2d 626 (D.C.1992).

## I

*McBride* does not explicitly reach the issue in this appeal. Nor have our other decisions. *See In re Temple*, 596 A.2d 585 (D.C.1991) (addiction to drugs lawfully obtained, like alcoholism, can be a mitigating factor in determining the sanction). Recently, however, the court in *In re Hop-*

*mayer*, 602 A.2d 655 (D.C.1992), remanded the case to the Board on Professional Responsibility, which had recommended disbarment under D.C.Code § 11–2503(a) (1989) as a result of the conviction of a felony "inherently involv[ing] moral turpitude."[2] Without deciding whether *In re Kersey*, 520 A.2d 321 (D.C.1987), which involved D.C.Bar Rule XI and not D.C.Code § 11–2503(a), applies when an attorney is otherwise subject to automatic disbarment under the statute, the court asked the Board to advise what effect, if any, Hopmayer's alleged alcoholism should have on the imposition of the disciplinary sanction. *See* op. at 630 & n. 7. If the Board determined that alcoholism may be a mitigating factor, then the Board was directed to decide whether mitigation was warranted for Hopmayer, and if so, what alternative sanctions may be available. *Id.*

Accordingly, in view of our remand in *Hopmayer*, we remand the instant case for a recommendation from the Board on Professional Responsibility on whether drug addiction, commencing with the lawful prescription of drugs, if a substantial factor in criminal action underlying a felony conviction, may be a mitigating factor in imposing a disciplinary sanction in a *per se* crime of moral turpitude under D.C.Code § 11–2503(a) (1989). If so, then in view of the findings of the Maryland Court of Appeals concerning the addiction, the Board should determine what alternative sanction may be appropriate for Mandel. *Cf. In re Richardson*, 602 A.2d 179 (D.C.1992) (collateral estoppel effect given to foreign judgment in reciprocal discipline case).

---

**1.** The Maryland Court of Appeals, upon receiving the disciplinary case, remanded the case for findings. *Attorney Grievance Comm'n v. Mandel*, 316 Md. 197, 557 A.2d 1329 (1989). According to the facts found by the Maryland judge, Mandel had forged his doctor's name on 8 prescriptions in August and September 1984, the addiction led to the criminal actions, and there was a causal connection between his addiction and misconduct. The Maryland Court of Appeals, based on these findings, declined to disbar Mandel, and instead continued his suspension pending receipt of evidence he was no longer addicted. On June 29, 1989, after receipt of such information, he was allowed to resume law practice by the State; the federal court followed suit. Misc. No. 2628, (D.Md., November 3, 1989).

**2.** Hopmayer was convicted of theft by failure to make required disposition of property received; he treated as his own funds that he was legally obligated to pay to his former law partners.