**In re Joel B. HOPMAYER, Respondent.**

**No. 89–SP–1425.**

District of Columbia Court of Appeals.

Submitted Feb. 12, 1993.

Decided May 27, 1993.

Leonard H. Becker, Bar Counsel, and Michael S. Frisch, Asst. Bar Counsel, for petitioner, the Office of Bar Counsel.

Joel B. Hopmayer, respondent pro se.

Before ROGERS, Chief Judge, and TERRY and WAGNER, Associate Judges.

TERRY, Associate Judge:

This case is here for the second time. On the first occasion, this court concluded that respondent Hopmayer, who was convicted in New Jersey of the offense of "theft by failure to make required disposi-

tion of property received," had committed a crime involving moral turpitude. *In re Hopmayer*, 602 A.2d 655, 657 (D.C.1992) (*"Hopmayer I"*). Although recognizing that the case arose under D.C.Code § 11–2503(a) (1989), which mandates disbarment upon conviction of a crime involving moral turpitude, we remanded the case to the Board on Professional Responsibility ("the Board") to enable it to consider whether Hopmayer's alcoholism should or could be taken into account as a factor in mitigation of that sanction. *Id.* at 658. After further proceedings on remand, the Board has recommended once again that Hopmayer be disbarred under section 11–2503(a). While Hopmayer maintains that his alcoholism negates the element of moral turpitude, the Board takes the position that Hopmayer's conviction is conclusive evidence of his mental intent, that he should not be granted a hearing to dispute or explain the factual circumstances underlying the offense, and that this court should disbar him. The issue in this case is one of first impression in the District of Columbia. We agree substantially with the Board, adopt its recommendation, and order Mr. Hopmayer disbarred.

I

The facts giving rise to this disciplinary proceeding are set forth in detail in *Hopmayer I* and will be summarized here only briefly. In October 1989 Hopmayer entered a plea of guilty in the Superior Court of Union County, New Jersey, to a charge of "theft by failure to make required disposition of property received," a statutory felony under New Jersey law. In January 1990 this court suspended Hopmayer from the practice of law in the District of Columbia pending formal disciplinary proceedings before the Board. The Board in due course determined that Hopmayer had been convicted of a crime inherently involving moral turpitude and recommended that he be disbarred under D.C.Code § 11–2503(a).[1] In

---

1. D.C.Code § 11–2503, in its present form, was enacted by Congress as part of the District of Columbia Court Reform and Criminal Proce-

dure Act, Pub.L. No. 91–358, 84 Stat. 473 (1970). Section 11–2503(a) provides:

*Hopmayer I* we held that the Board's ruling on the moral turpitude issue "was plainly correct." 602 A.2d at 657. However, because Hopmayer's alcoholism and its effect, if any, on the discipline to be imposed had not been taken into account by the Board, we remanded the case to the Board so that it might consider, in the first instance, whether alcoholism can ever mitigate the otherwise mandatory sanction of disbarment under D.C.Code § 11–2503(a).[2]

On remand the Board directed the parties to brief the issue. After considering those briefs, the Board issued its final report concluding that, despite his alcoholism, Hopmayer should be disbarred:

> [N]either alcoholism nor any similar mitigating factors can be considered when an attorney has been convicted of a crime that has been determined to be a crime involving moral turpitude *per se.* The statute and *In re Colson,* 412 A.2d 1160 (D.C.1979) (en banc), permit the Board only to consider the elements of the offense, and not the circumstances surrounding the commission of the offense. Mitigating factors are among the "circumstances" that may not be considered. Accordingly, the Board recommends that [Hopmayer] be disbarred under D.C.Code § 11–2503(a).

The Board ruled that Hopmayer's criminal intent was established at the time of his conviction and that an attorney should not be permitted to relitigate the issue of intent in disciplinary proceedings. Moreover, the Board was of the view that "mitigating factors, such as alcoholism or addiction, should have been raised by the attorney and addressed in the criminal proceeding." Hopmayer, in all respects, disagrees. It is thus for us to decide whether alcoholism can ever be considered as a factor in miti-

gation of the disciplinary sanction of disbarment under D.C.Code § 11–2503(a).

## II

In a series of recent opinions, beginning with *In re Kersey,* 520 A.2d 321 (D.C.1987), this court has drawn a distinction between the discipline warranted by certain acts of attorney misconduct and the appropriateness of actually imposing such discipline. *See id.* at 327; *accord, e.g., In re Reid,* 540 A.2d 754, 759 (D.C.1988); *In re Temple,* 596 A.2d 585, 586 (D.C.1991). That distinction, however, has been confined to cases arising solely under D.C. Bar Rule XI, not under the statute at issue here, D.C.Code § 11–2503(a), which mandates automatic disbarment. *Compare In re Reid, supra,* 540 A.2d at 759 (attorney not convicted of a crime), *with In re Wolff,* 490 A.2d 1118, 1120 (D.C.1985) (attorney convicted of a crime involving moral turpitude, and therefore implicating section 11–2503(a)), *adopted en banc,* 511 A.2d 1047 (D.C.1986), and *In re Willcher,* 447 A.2d 1198, 1201 (D.C.1982) (same). While *acts* involving moral turpitude are treated as serious transgressions under Rule XI which may justify disbarment but do not always require it, section 11–2503(a) addresses what Congress and the courts have typically considered as the gravest evidence of delinquency—the *conviction of a crime* involving moral turpitude. In some respects committing an act of moral turpitude and being spared prosecution may not be significantly different from being convicted of a crime resulting from the same act; however, for purposes of attorney discipline there is a clear legal distinction. The basis of that distinction is D.C.Code § 11–2503(a). We agree with the Board and Bar Counsel that "*Kersey*-style mitigation is not avail-

---

When a member of the bar of the District of Columbia Court of Appeals is convicted of an offense involving moral turpitude, and a certified copy of the conviction is presented to the court, the court shall, pending final determination of an appeal from the conviction, suspend the member of the bar from practice. Upon reversal of the conviction the court may vacate or modify the suspension. If a final judgment of conviction is certified to the

court, the name of the member of the bar so convicted shall be struck from the roll of the members of the bar and he shall thereafter cease to be a member.

**2.** We followed the same course two months later in a case in which an attorney who had been convicted of a crime of moral turpitude made a showing that he was addicted to narcotics. *In re Mandel,* 605 A.2d 61 (D.C.1992).

able" in a § 11–2503(a) disbarment proceeding.

Section 11–2503(a) provides that "[i]f a final judgment of conviction is certified to the court, the name of the member of the bar so convicted *shall be struck from the roll of members of the bar* and [the attorney] shall thereafter cease to be a member" (emphasis added). No such mandatory language appears in this court's Rules Governing the Bar; on the contrary, Rule XI, § 3(a) gives this court and the Board broad discretion in choosing and imposing sanctions.[3] That discretion is what enables us in *Kersey*-type cases to withhold or temper the severe sanction of disbarment when circumstances warrant. *See, e.g., In re Reid, supra,* 540 A.2d at 759 (misappropriation of client's funds warranted disbarment, but execution of that sanction was stayed because of attorney's alcoholism, and attorney was placed on probation instead, as in *Kersey*). In cases involving section 11–2503(a), however, we have no such flexibility.

▆▆▆▆ In *In re McBride,* 602 A.2d 626, 640–641 (D.C.1992) (en banc), this court held that an attorney disbarred under section 11–2503(a), "like all others who have been disbarred, shall be entitled to petition for reinstatement ... after five years of disbarment." *Id.* at 641. In reaching that conclusion, however, we reaffirmed the principle established in *In re Colson, supra,* that disbarment was mandatory after conviction of a crime involving moral turpitude, and that we were not free to impose a lesser sanction. 412 A.2d at 1164; *accord,*

*e.g., In re Rosenbleet,* 592 A.2d 1036, 1037 & n. 3 (D.C.1991) (comparing "ordinary" disbarment with disbarment under section 11–2503(a)). The *Colson* court, in highlighting the distinction between the conviction of a *crime* involving moral turpitude and the commission of an *act* involving moral turpitude, stated that the "focus of the statute ... is on the *type* of crime committed rather than on the factual context surrounding the actual commission of the offense." 412 A.2d at 1164 (emphasis in original). Thus, in accordance with the plain language of section 11–2503(a) and binding precedent, we hold that upon conviction of a crime involving moral turpitude, the attorney's name must be "struck from the roll," regardless of any mitigating factors such as alcoholism. Furthermore, it does not matter whether the crime is one inherently involving moral turpitude, as in *Colson,* or one which requires a hearing in order to determine whether it involves moral turpitude, as in *McBride.* When section 11–2503(a) applies, the result in either case is the same. *See, e.g., In re Untalan,* 619 A.2d 978, 979 (D.C.1993).[4]

It is therefore ORDERED that Joel B. Hopmayer shall be, and hereby is, disbarred from the practice of law in the District of Columbia. The disbarment shall be retroactive to January 11, 1990, the date of his initial suspension in this case. If Mr. Hopmayer intends eventually to seek reinstatement, we call his attention to the provisions of Rule XI, §§ 14(f) and 16(c), of this court's Rules Governing the Bar,

---

**3.** Rule XI, § 3(a), lists seven possible sanctions which "may be imposed on an attorney for a disciplinary violation": disbarment, suspension for up to three years, censure by the court, reprimand by the Board, informal admonition by Bar Counsel, revocation or suspension of a license to practice as a special legal consultant, and probation for up to three years.

**4.** In one case several years ago, *In re Kent,* 467 A.2d 982 (D.C.1983), this court suspended an attorney for thirty days after she had been convicted of the misdemeanor of taking property without right. The attorney, who was suffering from "severe transient emotional distress" and had a prior history of emotional problems, had been arrested after taking several items of merchandise from a department store and concealing them in her purse. It appears that the Board viewed the offense of taking property without right as one that might or might not involve moral turpitude, depending on the particular facts of the case. The Board found that in Kent's case the conduct did not involve moral turpitude, and this court accepted that finding, noting that "the unusual facts and circumstances of this case clearly indicate that respondent's actions were prompted by a neurotic desire to be caught rather than a desire for personal profit." *Id.* at 984. There was thus no occasion to consider section 11–2503(a), and in fact the opinion lacks any reference to it. We are satisfied, therefore, that *Kent* is of no precedential value in our analysis of that statute and its applicability to the case at bar.

which set forth certain prerequisites for readmission.