In re Robert C. ZIMMER, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 92–BG–838.

District of Columbia Court of Appeals.

Submitted Jan. 11, 1994.
Decided Feb. 10, 1994.

Leonard H. Becker, Bar Counsel, and Michael S. Frisch, Asst. Bar Counsel, Washington, DC, for petitioner, Office of Bar Counsel.

Myles J. Ambrose, Washington, DC, for respondent.

Before KING and SULLIVAN, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

This matter is before the court on the Report and Recommendation of the Board on Professional Responsibility ("the Board") that respondent be disbarred, effective September 30, 1992, based upon his guilty plea to one count of mail fraud, in violation of 18 U.S.C. § 1341, and one count of aiding and abetting a misapplication of bank funds, in violation of 18 U.S.C. § 656.[1] We agree with the Board's recommendation and order respondent's disbarment pursuant to D.C.Code § 11–2503(a) (1989) (disbarment required for conviction of crime involving moral turpitude).

By order of July 27, 1992, we suspended respondent from the practice of law, pursuant to D.C.Bar R. XI, § 10(c), and referred the matter to the Board to institute a formal proceeding to determine what sanction should be applied, and whether the convictions constituted offenses of moral turpitude. The Board found that while there was doubt whether the offense of aiding and abetting misapplication of bank funds required disbarment pursuant to § 11–2503(a), the offense of mail fraud did involve moral turpitude *per se.* See In re Bond, 519 A.2d 165, 166 (D.C.1986). We agree. *See In re Mirrer,* 632 A.2d 117, 118 (D.C.1993) (a crime involving an intent to defraud is a crime involving moral turpitude) (citation omitted). The Board, therefore, recommended that respondent be disbarred.

Applying the standard of review set forth in D.C.Bar R. XI, § 9(g), we adopt the Board's recommendation that respondent be disbarred pursuant to D.C.Code § 11–2503(a).[2]

1. On November 21, 1993, respondent was sentenced on these charges. His motion to reconsider his sentence was denied on December 23, 1993. Respondent did not appeal his sentence.

2. Respondent requested that the Board defer its recommendation until after sentencing in his criminal case so that the results could be presented for the Board's consideration. The Board declined to do so because "the dispositive issue in this type of case is the fact of a plea of guilty to a statute involving moral turpitude *per se.*"

Respondent argues here, in his Exceptions to the Report and Recommendation of the Board on Professional Responsibility, that because he was unable to comprehend the moral turpitude of his actions, disbarment is not the appropriate sanction. He asks this court to consider mitigating factors, including an unblemished law practice record for 30 years and the extreme stress he suffered after the death of his son "as well as growing professional concerns," during the period the unlawful conduct occurred. We recently held, however, that "upon conviction of a crime involving moral turpitude, the attorney's name must be struck from the roll regardless of any mitigating factors...." *In re Hopmayer,* 625 A.2d 290, 292 (D.C.1993) (internal punctuation omitted). Therefore, respondent's request that this court impose a suspension rather than disbarment must be rejected.

ORDERED that respondent, Robert C. Zimmer, be disbarred from the practice of law in the District of Columbia, effective September 30, 1992,[3] with reinstatement to be subject to proof of rehabilitation and other requirements of D.C.Bar R. XI, § 16.

*So Ordered.*

---

3. In response to our order, respondent filed an affidavit on September 30, 1992, as required by D.C.Bar R. XI, § 14(f) (notice to clients and adverse parties).