In re Herbert EZRIN, Petitioner.

No. 96–BG–158.

District of Columbia Court of Appeals.

Argued Nov. 6, 1997.

Decided Dec. 30, 1997.

Steven M. Schneebaum, Washington, DC, for petitioner.

Michael S. Frisch, Senior Assistant Bar Counsel, and Leonard H. Becker, Bar Counsel, for the Office of Bar Counsel.

Before KING and RUIZ, Associate Judges, and PRYOR, Senior Judge.

PRYOR, Senior Judge:

Petitioner Herbert Ezrin, a former member of the bar of this jurisdiction, pleaded guilty in Maryland to three counts of misappropriation and conversion. He later consented to disbarment in the District of Columbia. Still later, petitioner was granted a plenary gubernatorial pardon in Maryland for his criminal convictions. On the basis of this pardon, petitioner now requests that he be summarily restored to the list of active attorneys in the District of Columbia. We reject the petition.

**I.**

Petitioner was admitted to the bar of the State of Maryland in 1966, and to the bar of this jurisdiction in 1967. In 1987, he was charged in Maryland with two counts of conversion of partnership funds, and one count of misappropriation of entrusted funds, in violation of Maryland Code, Art. 27, § 173 (1987 Repl.) and Maryland Code, Art. 10, § 44(a) (1987 Repl.). Petitioner pleaded guilty to the charges and was sentenced to six years incarceration with all but ninety days suspended. He was also placed on probation for one year and ordered to perform two hundred hours of community service on each count.

On June 25, 1987, this court suspended petitioner from the practice of law in the District of Columbia pursuant to Rule XI, Section 15(1) and (4) of the District of Columbia Bar Rules, and directed the Board on

Professional Responsibility to determine whether the crimes for which petitioner was convicted involved moral turpitude within the meaning of D.C.Code § 11–2503(a) (1996 Repl.). In September of that year, the Board determined that the two counts of conversion of partnership funds were crimes of moral turpitude *per se,* and concluded that the only available sanction was disbarment. On October 30, 1988, in lieu of following other procedures for disbarment, petitioner filed an affidavit pursuant to Rule XI, § 17 of the District of Columbia Bar Rules (1988), wherein he consented to disbarment in this jurisdiction.

In 1994, then Governor William Donald Schaefer granted petitioner a plenary pardon from the criminal convictions in Maryland. In a letter to the Clerk of the District of Columbia Court of Appeals dated January 30, 1996, petitioner urged that, as a result of the pardon, he was entitled to summary restoration to the rolls of active attorneys in this jurisdiction. His petition was denied by an Order of this court dated April 3, 1996, and thereafter rehearing was granted in light of our decision in *In re Abrams,* 689 A.2d 6 (D.C.1997).

## II.

■ Our consideration of this case begins with a review of two separate provisions, both of which concern the removal of an attorney from the group of persons admitted to the practice of law in the District of Columbia. The first, a statute, D.C.Code § 11–2503(a) (1996 Repl.) provides:

**Disbarment upon conviction of crime;**
. . .

(a) When a member of the bar of the District of Columbia Court of Appeals is convicted of an offense involving moral turpitude, and a certified copy of the conviction is presented to the court, the court shall, pending final determination of an appeal from the conviction, suspend the member of the bar from practice. . . . If a final judgment of conviction is certified to the court, the name of the member of the bar so convicted shall be struck from the

roll of the members of the bar and such person shall thereafter cease to be a member. Upon the granting of a pardon to a member so convicted, the court may vacate or modify the order of disbarment.

This statute requires the court, upon the occurrence of certain events, to initiate action which will cause a person to be removed from the roll of persons authorized to practice law in this jurisdiction.

A second provision, D.C. Bar Rule XI, § 17 (1988), provided: [1]

*Disbarment by Consent.*

(1) An attorney who is the subject of an investigation into, or a pending proceeding involving, allegations of misconduct on his part may consent to disbarment, but only by delivering to the Board an affidavit stating that he desires to consent to disbarment and that:

(a) His consent is freely and voluntarily rendered; he is not being subjected to coercion or duress; and that he is fully aware of the implications of submitting his consent;

(b) He is aware that there is presently pending an investigation into, or proceeding involving, allegations that he has been guilty of misconduct, the nature of which he shall specifically set forth;

(c) He acknowledges that the material facts upon which the complaint is predicated are true; and

(d) He submits his consent because he knows that if charges were predicated upon the misconduct under investigation, or if the proceedings were prosecuted, he could not successfully defend himself against them.

For the purposes of this case, the significant difference between the statute and the rule is that disbarment pursuant to the rule is initiated by the lawyer involved subject to approval by the court, while disbarment pursuant to the statute is initiated by the court.

## III.

Against this background, petitioner asserts that looking back at the circumstances which

---

1. The current version of this provision is found at D.C. Bar Rule XI, § 12 (1997).

have evolved in this matter, his resignation from the bar was largely motivated by his criminal convictions, and should be viewed as flowing directly from them. He therefore contends that, consistent with our decision in *In re Abrams, supra,* the effect of the pardon is to vacate his convictions and thereby, without more, restore him to the list of attorneys authorized to practice.

We decline to accept petitioner's invitation to go beyond the factual record of this case. Petitioner entered a plea of guilty in Maryland to charges that he misappropriated and converted $200,000 for his own personal use from funds belonging to the law partnership with which he practiced law. Petitioner then entered an affidavit offering his consent to disbarment in this jurisdiction. Pursuant to D.C. Bar Rule XI § 17 (1988), the affidavit stated that consent was given voluntarily and admitted the truth of the underlying misconduct.

██ The process contemplated by D.C.Code § 11–2503(a), *supra,* involves certification to the court of a final conviction involving a crime of moral turpitude. Upon such certification, disbarment by the court is automatic, regardless of circumstance or mitigating factors. *In re Hopmayer,* 625 A.2d 290, 292 (D.C.1993). However, petitioner acted preemptively, on his own initiative, to remove himself from being a member of the bar in this jurisdiction. It is true, as petitioner points out, that the order of this court which disbarred him mentions the statute. Nonetheless the order states unequivocally that the basis for petitioner's removal from practice was his voluntary consent to disbarment.

While we recognize petitioner's argument that he consented solely because it would have been futile to continue a defense in light of the ministerial disbarment procedure following certification of conviction, it is critical

here that his consent to disbarment was both voluntary and confessory. This court should not, and will not, speculate as to the reasons, personal or professional, which motivated petitioner's decision to resign from the bar. At bottom, he voluntarily chose to do so. Whatever his reasons, or whatever other authority the court had otherwise to disbar him, Ezrin's decision to resign from the bar pursuant to Rule XI is the legally binding act on which this decision turns.

██ If an attorney is disbarred by consent, the mechanism for reinstatement to the bar is found in D.C. Bar Rule XI § 16 (1997), wherein the attorney has the burden of proving rehabilitation. *In re Novick,* 619 A.2d 514, 514 (D.C.1993). There is no mechanism for automatic restoration following disbarment by consent, and the granting of a pardon for any related convictions cannot be determinative.

Thus we need not, and do not, reach the question of the effect of a pardon on an attorney who has been disbarred pursuant to § 11–2503(a), *supra,* after certification of conviction of a crime of moral turpitude.[2]

It is therefore Ordered that respondent's request to be summarily restored to the District of Columbia Bar is denied without prejudice to the filing of a petition for reinstatement.[3]

*So ordered.*

---

**2.** We recognize petitioner's argument, of possible constitutional dimension, that there exists an apparent conflict between our decision in *In re Abrams, supra,* 689 A.2d at 11 ("The ... pardon would undoubtedly have precluded a sanction based on Abrams' conviction...."), and the discretionary language used in D.C.Code § 11–2503(a), *supra,* ("Upon the granting of a pardon to a member so convicted, the court may vacate

or modify the order of disbarment."). However, in light of petitioner's consent, we do not reach this question.

**3.** Ezrin has filed a petition for reinstatement which has been stayed, at his request, pending disposition of this petition for summary restoration.