**In re Floyd W. ANDERSON,**
**Petitioner.**

**No. 99–BG–735.**

District of Columbia Court of Appeals.

Submitted Oct. 28, 1999.

Decided Dec. 9, 1999.

---

6. Given our disposition, it is unnecessary to consider the Newells' argument pertaining to

Before STEADMAN and SCHWELB, Associate Judges, and FERREN, Senior Judge.

PER CURIAM:

In 1982, Floyd W. Anderson pleaded guilty to three misdemeanor counts of false pretenses. This court disbarred Anderson after finding that these

the trial court's ruling on damages.

were crimes involving moral turpitude. *In re Anderson*, 474 A.2d 145, 146 (D.C.1984). Anderson now seeks reinstatement to the Bar of the District of Columbia. The Hearing Committee applied the relevant factors, *In re Roundtree*, 503 A.2d 1215, 1217 (D.C.1985), and recommended reinstatement. The Board on Professional Responsibility adopted that recommendation. "Although the ultimate decision on whether an attorney is reinstated is ours alone, the Board's findings or recommendations in this regard are entitled to great weight." *In re Borders*, 665 A.2d 1381, 1381–82 (D.C.1995) (internal citations and quotations omitted). Although Bar Counsel argued against the petition before the Hearing Committee, he did not file any exceptions to the Board's recommendation with us and thus the recommendation for reinstatement comes to us as unopposed, thus entitling the Board's decision to even greater deference. *See In re Goldsborough*, 654 A.2d 1285, 1288 (D.C.1995); *see also*, D.C. Bar R. XI § 16(e) (where petition for reinstatement is unopposed, the court may grant it without further briefing or argument).

■ Giving great weight to the Board's findings and recommendation, we conclude that Anderson has shown, by clear and convincing evidence, (1) that he has the moral qualifications, competency and learning in the law required for re-admission; and (2) that his resumption of the practice of law will not be detrimental to the integrity and standing of the Bar, or to the administration of justice, or subversive to the public interest. D.C. Bar R. XI § 16(d). Accordingly, and substantially for the reasons stated by the Board, Floyd W. Anderson is reinstated to the practice of law in this jurisdiction effective immediately.

*So ordered.*