In re Christopher TRIKERIOTIS, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 02–BG–18.

District of Columbia Court of Appeals.

Submitted Jan. 3, 2003.
Decided Jan. 16, 2003.

Before STEADMAN, SCHWELB, and GLICKMAN, Associate Judges.

PER CURIAM:

Respondent Christopher Trikeriotis entered a plea of guilty in the United States District Court for the District of Maryland to one count of felony bank fraud in violation of 18 U.S.C. §§ 1344 and 2. On January 10, 2002, that court sentenced respondent to thirty months' imprisonment, to be followed by three years of supervised release, and ordered him to pay an assessment of $100.00 and restitution in the amount of $6,423,992.62.

As a result of his conviction, the Court of Appeals of Maryland disbarred respondent by consent. Bar Counsel filed a certified copy of the disbarment order, and this court temporarily suspended respondent on January 30, 2002, pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility (Bar Docket No. 3–02). Bar Counsel then filed with this court a certified copy of respondent's judgment of conviction, and we ordered respondent's continued suspension pursuant to D.C. Bar R. XI,

§§ 10(c) and 11(d) (Bar Docket No. 103–02). We directed the Board to consolidate the two docketed matters and institute a formal proceeding to determine the nature of the final discipline to be imposed.

The Board recommends that respondent be disbarred in BDN 103–02 on the ground that his conviction involves moral turpitude, and that the reciprocal discipline proceeding (BDN 3–02) be dismissed as moot. Neither Bar Counsel nor respondent opposes the Board's recommendation.

Respondent's disbarment is mandatory under D.C.Code § 11–2503(a) (2001), because bank fraud is a crime of moral turpitude *per se*. *See In re Rosenbleet*, 592 A.2d 1036, 1037 (D.C.1991). We therefore adopt the Board's recommendations and hereby

ORDER that Christopher Trikeriotis is disbarred, pursuant to D.C.Code § 11–2503(a), from the practice of law in the District of Columbia. The reciprocal proceeding is hereby dismissed as moot. As respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*