**In re Robert B. WILKINS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 04–BG–783.

District of Columbia Court of Appeals.

Submitted Nov. 8, 2005.
Decided Nov. 23, 2005.

---

**30.** Respondent's attention is directed to the requirements of D.C. Bar R. XI, § 14 (relating to disbarred and suspended attorneys) and § 16 (relating to eligibility for reinstatement).

Before TERRY and RUIZ, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

In this reciprocal disciplinary proceeding against respondent Robert B. Wilkins, the Board on Professional Responsibility ("Board") has recommended to this court that the reciprocal and identical discipline of disbarment be imposed.

On June 25, 2003, the Supreme Court of Alabama disbarred respondent for his conviction of "serious criminal conduct"[1] pursuant to Alabama Standards for Imposing Lawyer Discipline, Rule 5.11. On July 2, 2004, after receiving notice of this discipline, Bar Counsel notified this court. On July 15, 2004, we suspended respondent pursuant to D.C. Bar R. XI, § 11(d) and directed the Board to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline. On November 3, 2004, Bar Counsel filed with us a certified copy of respondent's judgment of conviction, and on November 15, 2004, we continued the suspension and directed the Board to notify us whether it would proceed *de novo*.

■ In its report and recommendation, the Board found that the record supported the reciprocal and identical discipline of disbarment because in cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)). Here, there was no miscarriage of justice in the Alabama proceeding because the respondent was personally served notice of the proceeding and his misconduct was established by his guilty plea to violation of 18 U.S.C. § 1708, which involved possession of United States mail matter which had been stolen, taken, embezzled or abstracted from an authorized depository for such matter.[2]

■ A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992)). Moreover, respondent's conviction of a felony involving fraudulent intent involves moral turpitude, *see In re Appler*, 669 A.2d 731, 741 (D.C.1995); *In re Anderson*, 474 A.2d 145, 146 (D.C.1984), and conviction of an offense involving moral turpitude warrants disbarment in this jurisdiction. D.C.Code § 11–2503 (2001).

Finally, no exception has been taken to the Board's report and recommendation.

---

1. Respondent unlawfully possessed mail addressed to an individual other than himself from several credit card companies. On October 29, 2002, respondent pled guilty to 18 U.S.C. § 1708 (1994), theft or receipt of stolen mail, before the United States District Court for the Southern District of Alabama. He was subsequently sentenced to thirty months imprisonment and ordered to pay $9,901.13 in restitution.

2. 18 U.S.C. § 1708 states: "Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof ... or whoever steals, takes, or abstracts, or by fraud or deception obtains any letter ... which has been left for collection ... or whoever buys, receives or conceals, or unlawfully has in his possession, any letter ... which has been so stolen, taken, embezzled, or abstracted ... shall be fined under this title or imprisoned not more than five years, or both." (Emphasis supplied.)

Therefore, the court gives heightened deference to its recommendation. See D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended. Further, Bar Counsel notified the court that if it accepted the recommendation to disbar respondent as reciprocal discipline, it could dismiss any original case arising from the conviction.[3] Accordingly, it is

ORDERED that Robert B. Wilkins be disbarred from the practice of law in the District of Columbia, and for purposes of reinstatement the time period shall begin to run from the date respondent files his affidavit as required by D.C. Bar R. XI, § 14(g). *See In re Slosberg*, 650 A.2d 1329, 1331–33 (D.C.1994). We also direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

**3.** No formal disciplinary action was initiated in this court on the basis of the conviction.