**In re Terence A. COLES, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 459287).**

**Nos. 03–BG–415, 04–BG–502.**

District of Columbia Court of Appeals.

Submitted Dec. 8, 2006.

Decided Dec. 21, 2006.

Before FARRELL, REID and KRAMER, Associate Judges.

PER CURIAM:

On March 31, 2003, the respondent, Terence A. Coles, was convicted in the United States District Court for the District of Columbia of conspiracy to commit fraud in the first degree, fraud in the first degree, receiving stolen property, and bribery. Respondent had misused his position as an administrator of the District of Columbia Escheated Estates Fund to defraud the fund of approximately $20,000 meant to benefit low-income residents of the District of Columbia. Following his sentence to 36 months of incarceration, the United States Court of Appeals for the District of Columbia Circuit affirmed his conviction and sentence.[1]

After being informed of his conviction, this court temporarily suspended respondent under D.C. Bar Rule XI, § 10(c), and directed the Board on Professional Responsibility ("Board") to institute a formal proceeding to determine the final discipline to be imposed and to decide if respondent's crimes involved "moral turpitude" within the meaning of D.C.Code § 11–2503(a) (2001). Bar Counsel later reported respondent's subsequent disbarment by consent by the Maryland Court of Appeals, and this court referred the matter to the Board for its recommendation concerning reciprocal discipline.

The Board determined that respondent's crimes involved moral turpitude and, on November 30, 2004, issued a report and a recommendation that respondent should be disbarred. More than one of the crimes for which respondent was convicted unmistakably involve moral turpitude. *See In re Tucker,* 766 A.2d 510 (D.C.2000) (bribery); *In re Rosenbleet,* 592 A.2d 1036 (D.C.1991) (fraud). Therefore, as respondent's disbarment is mandatory under

---

**1.** *United States v. Terence Coles,* No. 03–3113 (D.C.Cir. Jun. 23, 2006).

D.C.Code § 11–2503(a), we accept the Board's recommended sanction, and it is

ORDERED that Terence A. Coles is hereby disbarred from the practice of law in the District of Columbia, and his name shall be stricken from the roll of attorneys authorized to practice before this court. Respondent's disbarment shall run, for the purposes of reinstatement, from the date he files an affidavit that complies with the requirements of D.C. Bar R. XI, § 14(g). *See In re Slosberg,* 650 A.2d 1329, 1331 (D.C.1994). Given this disposition, appeal no. 04–BG–502, which addresses the question of reciprocal discipline based on respondent's disbarment by consent in Maryland, is dismissed as moot. Bar Counsel is not, however, precluded from reinstating a reciprocal discipline proceeding if respondent seeks reinstatement while the Maryland disbarment is still in effect.

*So ordered.*