**In re James M. SCHOENECKER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 490488).**

**No. 10–BG–1416.**

District of Columbia Court of Appeals.

Submitted Jan. 26, 2012.
Decided March 8, 2012.

Before OBERLY and BECKWITH, Associate Judges, and FARRELL, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility recommends that respondent James M. Schoenecker be disbarred pursuant to D.C.Code § 11–2503(a) (2001) because he was convicted in the Circuit Court Branch 4 for Walworth County, Wisconsin, of misappropriation of identifying information to obtain money in violation of Wis. Stat. § 943.201(2)(a). Bar Counsel has taken no exception to the Board's report. Respondent does not dispute the conviction but asks this court to consider mitigating circumstances surrounding the offense and to impose an 18– to 24–month suspension from practice rather than disbarment.

This court has consistently held that conviction of a felony offense involving moral turpitude mandates disbarment without consideration of the specific conduct that led to the conviction. *See, e.g., In re Colson,* 412 A.2d 1160, 1168 (D.C. 1979) (en banc) (deeming "unnecessary" a hearing regarding the mitigating circumstances underlying respondent's conviction where the offense of conviction inherently involved moral turpitude and noting that the court was "compelled" in such circumstances to order disbarment). It is well settled in our case law, moreover, that felony crimes involving intentional theft or fraud, including those committed under false pretenses with the intent to defraud, are crimes of moral turpitude. *See In re Krouner,* 920 A.2d 1039, 1043 (D.C.2007); *In re Anderson,* 474 A.2d 145 (D.C.1984).

As this court has never considered the exact offense to which respondent pleaded guilty, the Board in this case compared the elements of the Wisconsin misappropriation offense to the elements of crimes this court has characterized as involving moral turpitude. The Board found that respondent's conviction of misappropriation of identifying information to obtain money under Wis. Stat. § 943.201(2)(a) necessarily involved fraud and an intent to steal, and that disbarment was therefore mandatory. We accept the Board's analysis and we adopt its recommendation that respondent be disbarred.

Respondent is hereby disbarred from the practice of law in the District of Columbia. For purposes of reinstatement, the period of disbarment shall be deemed to commence on January 28, 2011, the date on which respondent filed an affidavit in compliance with D.C. Bar R. XI § 14(g).

*So ordered.*