*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 17-BG-768

IN RE CAROLYN MARDIS, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 974417)

On Report and Recommendation
Of the Board on Professional Responsibility
(DDN 540-09 & DDN 557-09)

(Decided December 14, 2017)

Before FISHER and EASTERLY, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: In this case, the Board on Professional Responsibility has adopted Hearing Committee Four's uncontested findings that respondent Carolyn Mardis violated the Rules of Professional Conduct in two separate unrelated matters that were consolidated for resolution. In the first matter, the Board accepted the Committee's findings that Ms. Mardis (1) conspired with others in a fraudulent scheme to unlawfully obtain the title to a property that was subject to a

tax sale and thereafter took possession of the owner's personal property; (2) when contacted by the owner, provided a false name, demanded payment as a condition for returning the property, and transferred some of the property to an auction house for sale; and (3) made misrepresentations to her law firm in an attempt to hide her actions and falsely testified under oath after she was sued by the owner of the property. In the second matter, the Board accepted the undisputed findings of the Committee that Ms. Mardis failed to inform a client of her fee or the scope of her representation and then commingled the advance fee without her client's consent. In determining the appropriate sanction, the Board accepted the Committee's rejection of Ms. Mardis's proffer of mitigating evidence pursuant to *In re Kersey*, 520 A.2d 321 (D.C. 1987).

In light of this record, the Board recommends that this court determine that Ms. Mardis violated District of Columbia Rules of Professional Conduct 1.5 (b), 1.15 (a), 1.7 (b)(4), 3.3 (a), 8.1 (a), 8.4 (b), 8.4 (c) and 8.4 (d). The Board further recommends that Ms. Mardis be disbarred from the practice of law. Neither Ms. Mardis nor Disciplinary Counsel has filed an exception to the Board's Report and Recommendations.

Under D.C. Bar R. XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). We discern no reason to depart from the Board's recommendations, particularly in light of the Board's findings that Ms. Mardis engaged in fraud, committed theft, and then proffered perjured testimony. These findings justify the discipline recommended by the Board. *See, e.g.*, *In re Coles*, 912 A.2d 1168 (D.C. 2006) (disbarment for fraud); *In re Tillerson*, 878 A.2d 1186 (D.C. 2005) (disbarment for first-degree theft*).*

Accordingly, it is

ORDERED that Carolyn Mardis is hereby disbarred from the practice of law in the District of Columbia. For the purposes of reinstatement Ms. Mardis's period of disbarment will not begin to run until such time as she files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14 (g).

*So ordered.*