**In the Matter of Adgie O'BRYANT, Jr., a Member of the Bar of the District of Columbia Court of Appeals.**

No. M–40–80.

District of Columbia Court of Appeals.

Submitted July 14, 1980.

Decided Jan. 26, 1981.

No appearance was entered on behalf of respondent O'Bryant.

Fred Grabowsky, Washington, D.C., Bar Counsel, filed the Report and Recommendations of the Board on Professional Responsibility.

Before MACK, FERREN and PRYOR, Associate Judges.

PER CURIAM:

This disciplinary matter is before the court on a petition of the Board on Professional Responsibility (Board) recommending that respondent be suspended from the practice of law for a period of six months. We accept the findings of fact by the Board and adopt the recommended discipline.

## I

### *Hearing Committee*

A petition instituting formal disciplinary proceedings against respondent was filed on June 20, 1979. The Hearing Committee conducted a hearing on October 3, 1979, and filed the following findings with the Board on February 28, 1980.

In 1978 respondent represented Mrs. Sauterne who, along with others, was charged with embezzling approximately $133,000 from a Florida bank. The court had appointed respondent to act as her counsel after she was arrested in the District of Columbia based upon a warrant from Florida. Mrs. Sauterne subsequently agreed to retain respondent as her counsel. According to the Hearing Committee Report, she "gave [r]espondent a check for $4,000 in April 1978 and gave him varying amounts of cash totaling another $1,000 during his representation of Mrs. Sauterne. In addition, expenses were paid by the Sauternes." Hearing Committee Report at 3.

Respondent advised Mrs. Sauterne to accumulate approximately $15,000 in the event that the District of Columbia or Florida court might subsequently set a high money bond. Initially, these funds were placed in respondent's clients' trust account, and then they were transferred to a Florida account. Mrs. Sauterne was released on

personal recognizance in both the District of Columbia and Florida; thus, the money was not needed for bond purposes.

From April through December 1978 respondent, along with local Florida counsel, proceeded to conduct complex plea negotiations. During one of the trips to Florida, Mrs. Sauterne accompanied respondent to the bank to withdraw funds to pay local counsel. Finally, on December 22, 1978, Mrs. Sauterne entered a guilty plea and was sentenced to three years' probation.

At the conclusion of the criminal case, Mrs. Sauterne asked respondent to return the $15,000 that she had given him earlier. Respondent refused, stating she orally had agreed that he could use it toward his legal fee.[1]

Respondent was charged with violation of Disciplinary Rules 1–102(A)(4), 9–102(A), 9–102(B)(4), 2–107(A)(1), and 2–106(A),[2] alleging that he misappropriated the sum of $15,000 by deceitfully representing that it was part of the agreed legal fee, that he failed to promptly repay the $15,000 when requested to do so by his client, that he failed to disclose the fee arrangement that he had made with Florida counsel, and that he had charged an excessive fee.

The Hearing Committee determined, with one member dissenting,[3] that respondent had violated all the disciplinary rules, as

---

1. Just prior to the hearing before the Hearing Committee, respondent and complainant entered into a satisfactory settlement whereby respondent repaid the greater part of the $15,000.

2. "DR 1–102(A)(4) A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

"DR 9–102(A) All funds of clients paid to a lawyer shall be deposited in one or more identifiable bank accounts."

"DR 9–102(B)(4) A lawyer shall promptly pay or deliver to the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

"DR 2–107(A)(1) A lawyer shall not divide a fee for legal services with another lawyer who is not a partner in or associate of his firm or law office, unless

The client consents to employment of the others lawyer after a full disclosure that a division of fees will be made."

"DR 2–106(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee."

3. The dissenting member found that Bar Counsel failed to prove by clear and convincing evidence that Mrs. Sauterne did not agree to permit respondent to retain the $15,000 as part of his legal fee. The dissent found Mrs. Sauterne's testimony to be less than candid. He pointed out that Mrs. Sauterne did not request the return of the $15,000 until long after it was obvious that no bond would be set. Also, Mrs. Sauterne accompanied respondent to the bank when he withdrew funds to pay the Florida counsel. However, the dissent concluded that respondent's conduct was prejudicial to the administration of justice and deserving of a reprimand.

charged. Central to this proceeding is credibility. Mrs. Sauterne vigorously denied that she ever authorized use of the $15,000 for payment of legal fees. Moreover, both the Sauternes asserted that respondent originally estimated his fee to be between $5,000 and $9,000 depending on whether the case went to trial or not. Respondent steadfastly maintained that Mrs. Sauterne orally agreed to permit him to use the $15,000 as part of his legal fee (in addition to the $5,000 paid during the initial stages of the representation).

The majority of the committee found that the Sauternes' "testimony is persuasive that at no time did they consider or authorize the use of the $15,000 by respondent as legal fees." Hearing Committee Report at 3. The committee also determined that "Respondent's explanation, on the other hand, is not convincing." Hearing Committee Report at 4. The committee recommended a suspension of one month.

## II

### *The Board*

The Board filed its Report and Recommendations on June 13, 1980. It accepted the committee's assessment of the witnesses' credibility and concluded that respondent has misused his client's funds in violation of Disciplinary Rules 1–102(A)(4), 9–102(A) and 9–102(B)(4).[4]

The Board rejected as "wholly inadequate" the Hearing Committee's recommendation of a one month suspension. It found a six month suspension to be the minimum warranted. The Board emphatically rejected the argument that the subsequent satisfactory monetary settlement constituted a mitigating factor, stating that "it simply is not in the public interest to allow a [r]espondent to be able to reduce the disciplinary consequences of unethical conduct by 'buying off' the [c]omplainant." Report

and Recommendations at 5. The Board also took into consideration respondent's prior disciplinary record, an informal admonition.

## III

### *Conclusion*

The Board filed its Report with the court on June 23, 1980. Under Rule XI, § 7, respondent had 20 days within which to file exceptions or to request an extension of time. Respondent has made no submission to the court.

Rule XI, § 7(3), which sets forth the role of this court in imposing disciplinary sanctions, provides in pertinent part that the court "shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise be unwarranted."

Despite the difficulty of making exact comparisons, *In re Vogel*, D.C.App., 382 A.2d 275 and *In re Leventhal*, No. S–49–77 are two examples of cases with somewhat similar circumstances that are consistent with the sanction in this case.

In *Vogel*, the respondent made misrepresentations to his client to exact an additional retainer fee of $750, and then withdrew that amount from an escrow account in a credit union without authority and contrary to the express terms of the agreement which he himself had dictated to the credit union. This court ordered a nine month suspension.

*Leventhal* was a reciprocal disciplinary action from Maryland wherein this court ordered a six month suspension. Respondent was charged with misrepresentation, collecting an illegal or excessive fee, and refusing to return the fee upon request. He accepted an additional $300 retainer fee after being discharged from the case and refused to return it.

---

4. The Board found no evidence of the precise value of respondent's services and, therefore, no violation of DR 2–106(A) (collecting an excessive fee). Nor did the Board find a violation of DR 2–107(A)(1) (no division of fee without client consent).

Neither *Vogel* nor *Leventhal* is exactly on point, but both include some elements of similar misconduct. All of the cases cover misrepresentation involving fees. A troublesome difference is that the amounts involved in *Vogel* and *Leventhal* are considerably smaller than in respondent's case. Despite the differences, the sanction recommended by the Board is consistent with the cases of similar misconduct. This situation is distinguishable from one involving a pattern of personal use of client trust funds for which we recently ordered disbarment. *See In re Leonard W. Burka*, D.C.App., 423 A.2d 181 (1980).

For the foregoing reasons, the respondent is suspended from the practice of law for six months. The Clerk shall enter an appropriate order effecting the imposition of discipline.

*So Ordered.*