In the Matter of Lorna D. KENT, A Member of the Bar of the District of Columbia Court of Appeals.

No. M–96–81.

District of Columbia Court of Appeals.

Argued May 25, 1983.

Decided Oct. 20, 1983.

James J. Bierbower and Hamilton P. Fox III, Washington, D.C., on behalf of respondent.

Fred Grabowsky, Bar Counsel, Washington, D.C., on behalf of the Board on Professional Responsibility.

Before KERN and BELSON, Associate Judges, and PAIR, Associated Judge, Retired.

PER CURIAM:

This disciplinary matter is before the court on the Report and Recommendation of the Board on Professional Responsibility (Board), which found that respondent had engaged in conduct involving dishonesty, in violation of DR 1–102(A)(4), and recommended that respondent be suspended from the practice of law for a year and a day. We accept the Board's findings of fact, but reject the recommended discipline. We order that respondent be suspended from practice for 30 days.

Respondent is 33 years old and, until July 1981, was a trial attorney with the United States Department of Justice. Although she had an unblemished professional record,

respondent had a history of personal and emotional problems that led her to seek psychiatric treatment in 1978. Respondent discontinued that treatment in January 1981, because she felt that it was not helping her.

This disciplinary proceeding stems from the events of May 22, 1981. At approximately noon on that date respondent, suffering from "severe transient emotional distress" entered the F Street Garfinckel's and proceeded from department to department randomly grabbing store merchandise and stuffing it into her briefcase or purse. She did this in an open fashion, aware that sales clerks and store detectives were observing her actions. Eventually respondent returned to the first floor of the store and walked toward an exit, at which point she was stopped by store detectives. She was arrested on a charge of attempted petit larceny, D.C. Code § 22–2202 (1981), *repealed by* D.C. Law 4–164, § 602(z), 29 D.C. Reg. 3976 (1982), *replaced by* D.C. Code § 22–3801 (1983 Supp.) *et seq.*; she pleaded guilty to the misdemeanor charge of taking property without right, *id.* § 22–1211, *repealed by* D.C. Law 4–164, § 602(o), 29 D.S. Reg. 3976 (1982), *replaced by* D.C.Code § 22–3801 (1983 Supp.) *et seq.*, and was sentenced to 1 year's unsupervised probation.[1]

After respondent notified this court of her conviction, Bar Counsel initiated formal disciplinary proceedings. Bar Counsel charged respondent with violating DR 1–102(A)(3) (engaging in illegal conduct involving moral turpitude that reflects adversely on one's fitness to practice law) and DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Following a hearing, the Hearing Committee (Committee) concluded that although respondent had violated the latter rule, Bar Counsel had failed to dem-

---

1. Although most first offenders charged with petit larceny are allowed to enter the First Offender Treatment Program, respondent was ineligible for the program because the value of the property found in her possession exceeded guidelines established by the United States Attorney's Office. Had she been eligible, the charge against respondent would have been dismissed upon successful completion of the program.

onstrate that she had violated the former. The Committee recommended that, in light of the aberrational nature of respondent's actions and her mental state at the time of the incident, a suspension of 30 days was the appropriate sanction.

Although neither Bar Counsel nor respondent objected to the Committee's report, the Board sua sponte ordered oral argument concerning the appropriateness of the recommended sanction. Following argument, a majority of the Board[2] agreed with the Committee that respondent's conduct involved dishonesty, but not moral turpitude. The Board majority, however, recommended that respondent be suspended for a year and a day. The Board majority recommended this sanction in order to permit reevaluation of respondent's mental and emotional fitness for the practice of the law when she petitioned for reinstatement following the expiration of the suspension period.[3]

Four members of the Board joined in a dissenting opinion which expressed the view that although respondent's conduct technically violated DR 1–102(A)(4), the 30-day suspension recommended by the Committee represented an appropriate sanction in light of the unusual facts and circumstances of the case. The Board dissenters emphasized that the uncontradicted expert testimony adduced during the hearing demonstrated that respondent had resumed psychiatric treatment, that her mental problems had been alleviated, and that she no longer posed any threat to clients or others. Given this record, the Board dissenters questioned what purpose would be served by waiting a year to conduct a reinstatement hearing "at which the same set of questions will be asked and presumably the same answers will be given."

Respondent filed exceptions to the Board's report. D.C.App.R. XI § 7(3) provides that in reviewing the report and recommendation this court "shall accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommended disposition ... unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted." Under this rule the parties' contentions resolve themselves into three questions: 1) whether substantial record evidence supports the finding that respondent did not violate DR 1–102(A)(3); 2) whether substantial record evidence supports the finding that respondent violated DR 1–102(A)(4), and 3) whether the year-and-a-day sanction fosters a tendency toward inconsistent dispositions for comparable conduct. We address each question in turn.

■ With respect to whether respondent's conduct violated DR 1–102(A)(3), we are satisfied that the record supports the Board's finding that the conduct did not involve moral turpitude. Although the term "moral turpitude" encompasses offenses that involve intentional dishonesty for personal gain, *see generally In re Willcher,* 447 A.2d 1198, 1200 (D.C.1982), the unusual facts and circumstances of this case clearly indicate that respondent's actions were prompted by a neurotic desire to be caught rather than a desire for personal profit. We therefore adopt the Board's finding that respondent did not violate DR 1–102(A)(3).

■ We are also satisfied that substantial evidence supports the Board's finding that respondent's conduct, which resulted in her conviction for the offense of taking property without right, involved "dishonesty" within the meaning of DR 1–102(A)(4). We therefore adopt the Board's finding that respondent violated DR 1–102(A)(4).

---

**2.** The fifth member of the Board majority, who cast the deciding vote, concurred only in result.

**3.** Reinstatement is not automatic when an attorney has been suspended from practice for more than 1 year. Such attorneys must petition for reinstatement and demonstrate to the Hearing Committee, by clear and convincing evidence, their fitness to resume practice. *See* D.C.App.R. XI § 21.

■ We do not, however, adopt the sanction recommended by the Board. We regard the year-and-a-day suspension as disproportionate in light of the particular facts of this case. The record demonstrates that before the incident that forms the basis for these proceedings, respondent had a spotless professional record and received commendations from her superiors for the quality of her legal work. Respondent's single incident of dishonesty was completely unrelated to her practice of law. It is true, as Bar Counsel contends, that attorneys may be disciplined for nonprofessional misconduct. However, given the nature of the behavior involved here, the absence of any relation between respondent's conduct and her professional responsibilities suggests that a lengthy suspension is unwarranted. Moreover, because respondent resigned her position with the Department of Justice following the entry of her guilty plea, she has already undergone what amounts to a self-imposed suspension of over 2 years. During this period she has resumed psychiatric treatment, making sufficient progress that her psychiatrist has recently reported that respondent shows no further signs of mental illness and that the medical evidence indicates that a recurrence is unlikely.

Given these facts, suspending respondent for a year and a day would be inconsistent with sanctions imposed in other disciplinary proceedings. The recommended sanction is as severe as or more severe than the sanctions imposed in cases that involved more serious misconduct that was related to the practice of law. *See, e.g., In re Smith,* No. M–91–76 (D.C. March 9, 1982) (multiple practice-related violations of several disciplinary rules; suspension for 1 year and 1 day); *In re O'Bryant,* 425 A.2d 1313 (D.C.

1981) (per curiam) (practice-related violations of several disciplinary rules, including misappropriation of client's funds; 6-month suspension); *In re Martin Fogel,* 422 A.2d 966 (D.C.1980) (practice-related violations of several disciplinary rules by attorney who had been subject of previous disciplinary proceedings and who admitted lying to the court; suspended for 1 year and 1 day); *In re Vogel,* 382 A.2d 275 (D.C.1978) (per curiam) (single incident of practice-related misconduct by attorney who had been subject of previous disciplinary proceeding; 9-month suspension). A precedent involving more serious criminal misconduct than respondent's not related to the practice of law is *In re Thorup,* No. S–22–74 (D.C. April 1, 1974/October 1, 1974) (failure to file federal income tax return; 6 month suspension). Although comparing one case to another is an inherently imprecise process, and the Board's expertise in disciplinary matters is entitled to considerable deference, *see generally In re Haupt,* 422 A.2d 768, 771 (D.C. 1980) (per curiam), we are of the view that in this instance the Board's recommendation is inconsistent with past practice. Accordingly, it is hereby

ORDERED that respondent be, and hereby is, suspended from the practice of law for 30 days, effective 30 days from the entry of this opinion.

*So Ordered.*