**In re H. Lawrence FOX, Respondent.**

**Nos. 92–SP–226, 92–SP–1094.**

District of Columbia Court of Appeals.

Submitted June 15, 1993.

Decided July 8, 1993.

Before STEADMAN and SCHWELB, Associate Judges, and REILLY, Senior Judge.

PER CURIAM:

On December 18, 1992, in a Report and Recommendation which is attached to this opinion and made a part hereof, the Board on Professional Responsibility recommended that respondent H. Lawrence Fox, who has been convicted of crimes of moral turpitude within the meaning of D.C.Code § 11–2503(a) (1989), be disbarred. Neither respondent nor Bar Counsel has filed exceptions to the report. *See* D.C.Bar Rule XI, § 9(e). Accordingly, for the reasons stated by the Board, respondent H. Lawrence Fox is hereby disbarred from the practice of law in the District of Columbia.

*So ordered.*[1]

District of Columbia Court of Appeals
Board on Professional Responsibility

Bar Docket Nos. 361–92, 71–92

REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

Before us are two separate matters arising from the same set of facts—Respondent H. Lawrence Fox's dishonest efforts to obtain funds and property from his law firm and his clients.

On July 15, 1992, Respondent pleaded guilty to mail fraud and tax evasion pursuant to a criminal information alleging that he obtained over $1.5 million from his law firm and clients through false pretenses between November, 1986 and June, 1991, and that he failed to report and pay taxes on most of these funds. He was later convicted on both counts and sentenced to imprisonment and community service, and required to make restitution. By order dated September 23, 1992, the Court of Appeals suspended Respondent from the practice of law and directed the Board (Docket 361–92) to institute a formal proceeding to determine the nature of discipline to be imposed, including whether the crimes for which Respondent was convicted

---

1. We direct respondent's attention to D.C.Bar Rule XI, §§ 14 & 16(c), which discuss certain rights and responsibilities of disbarred attorneys.

involved moral turpitude within the meaning of D.C.Code Section 11–2503(a).

Also before us, in Bar Docket No. 71–92, is a reciprocal disciplinary proceeding based upon the revocation by the Supreme Court of Virginia of Respondent's license to practice law in that jurisdiction. The revocation of Respondent's license arose from an investigation of his embezzlement of funds from his law firm. In an order dated March 12, 1992, the Court suspended Respondent and directed the Board to recommend whether reciprocal discipline should be imposed.

### Discussion

Under Court of Appeals Rule XI, Section 10, when an attorney is convicted of a "serious crime" (defined to include any felony), the issue before us is the discipline to be imposed for the criminal activity. Where, however, the crime for which the attorney was convicted involves moral turpitude, District of Columbia law (D.C.Code Section 11–2503(a)) prescribes that the sanction be disbarment. Under the statute, as it has been interpreted by the Court of Appeals, if the necessary statutory elements of the felony involve moral turpitude, or where the Court has specifically held that violation of the specific statute involves moral turpitude, our inquiry ends, since such a criminal violation constitutes moral turpitude per se. *See In re Colson*, 412 A.2d 1160, 1165 (D.C.1979).

That is the situation here. One of the statutes under which Respondent was convicted was 18 U.S.C. § 1341, which concerns use of the mails to defraud. The Court of Appeals has repeatedly held that a violation of this statute involves moral turpitude per se. *See In re Krowen*, 573 A.2d 786 (D.C.1990), and *In re Bond*, 519 A.2d 165 (D.C.1986). Since the offense for which Respondent was convicted involved moral turpitude per se, it follows that the sanction in this case is disbarment.

In view of this recommendation, there is no need to address the reciprocal discipline matter, in which Bar Counsel seeks a suspension of two years plus proof of fitness prior to reinstatement.

Our disposition of this matter is in accord with that sought by Bar Counsel, and no opposition has been filed by the Respondent.

December 18, 1992

    BOARD ON PROFESSIONAL
    RESPONSIBILITY
    By: /s/

Barry E. Cohen

All members of the Board concur in this recommendation except Mr. Donnenfeld, who recused himself.