**In re Joseph W. O'MALLEY, III, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. 95–BG–507, 95–BG–1186.**

District of Columbia Court of Appeals.

Submitted Sept. 26, 1996.

Decided Oct. 10, 1996.

Before FARRELL, KING, and RUIZ, Associate Judges.

PER CURIAM.

This matter is before the court on the recommendation of the Board on Professional Responsibility (the "Board") to disbar respondent pursuant to D.C.Code § 11–2503(a) (1995) for conviction of a crime involving moral turpitude. Respondent pled guilty in the Circuit Court for Montgomery County, Maryland to misappropriating client funds while serving as a fiduciary, in violation of Article 27, § 132 of the Annotated Code of Maryland.

Based on respondent's criminal conviction in Maryland, this court suspended him on May 15, 1995, pursuant to D.C. Bar R. XI, § 10(c) and directed the Board to review the elements of the crime for the purpose of determining whether the crime involves moral turpitude within the meaning of D.C.Code § 11–2503(a). Respondent was then disbarred by consent in Maryland on August 9, 1995. This court issued a second order suspending respondent and directed the Board to consider reciprocal discipline pursuant to D.C. Bar R. XI, § 11(d) and to recommend discipline. The Board instituted formal proceedings to determine first whether respondent's criminal convictions involved moral turpitude within the meaning of D.C.Code § 11–2503(a) before proceeding to determining the reciprocal discipline matter.

Applying the procedure for determining whether the offense to which respondent pled guilty involves moral turpitude in *In re Colson,* 412 A.2d 1160, 1164–65 (D.C.1979) (en banc), the Board concluded that respondent's crime of stealing money from a trust is a willful and fraudulent crime involving moral

turpitude *per se.* *See In re Saul,* 671 A.2d 461 (D.C.1996) (noting crimes that contain an element of fraud or theft involve moral turpitude *per se*). Moreover, this court has held that embezzlement-type offenses involve moral turpitude *per se. See In re Sugarman,* 677 A.2d 1049 (D.C.1996) (embezzlement by bankruptcy trustee). The Board accordingly recommends respondent's disbarment under D.C.Code § 11–2503(a), a recommendation that respondent has not contested. We agree with the Board that a violation of Article 27, § 132 of the Annotated Code of Maryland is a crime that inherently involves moral turpitude *per se.*

We therefore order respondent disbarred from the practice of law in the District of Columbia, from May 31, 1995, the date on which he filed an affidavit, conditioned on his filing a supplemental affidavit with this court and the Board, with a copy to Bar Counsel, certifying full compliance as required by D.C. Bar R. XI, § 14(g). Furthermore, we order the reciprocal discipline proceedings pending against respondent dismissed as moot. *In re Saul, supra,* 671 A.2d 462.