In re Bruce C. BEREANO, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

Nos. 94–BG–1667, 95–BG–531.

District of Columbia Court of Appeals.

Oct. 29, 1998.

Before STEADMAN and SCHWELB, Associate Judges, and PRYOR, Senior Judge.

1. *United States v. Bereano*, Nos. 95–5312 & 95–5395, —— F.3d —— (4th Cir. Aug. 28, 1998). Respondent has advised Bar Counsel that he has filed with the United States Court of Appeals, Fourth Circuit, a petition for rehearing and request for en banc rehearing. However, neither

## ORDER

PER CURIAM.

The Board on Professional Responsibility (the "Board") recommends the disbarment of respondent, who on April 25, 1995, was sentenced following his conviction of eight counts of mail fraud, in violation of 18 U.S.C. §§ 1341, 1346, in the United States District Court for the District of Maryland. On August 28, 1998, the United States Court of Appeals for the Fourth Circuit, in an unpublished opinion, affirmed the convictions and remanded the case to the trial court for resentencing.[1] In support of its recommendation, the Board filed a report, which is appended hereto, and to which neither Bar Counsel nor respondent objected.

Therefore, it is

ORDERED that pursuant to D.C.Code § 11–2503(a) (1995 Repl.), and D.C. Bar R. XI, § 11(f)(1), the recommendation by the Board is hereby adopted and imposed by this court. Respondent is hereby disbarred. It is

FURTHER ORDERED that respondent's attention is drawn to D.C. Bar R. XI, § 14(g) and the filing of the affidavit required thereby.

## APPENDIX

### DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of: BRUCE C. BEREANO, Respondent.

Bar Docket Nos. 513-94 & 188-95

REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

*Background*

Respondent, a member of the District of Columbia Bar, was convicted, following a

such a petition for discretionary review, nor the fact that the case is remanded for resentencing, affects the finality of the affirmance of the conviction for purposes of imposition of disbarment at this point. *See In re Hirschfeld*, 622 A.2d 688, 689 n. 1 (D.C.1993).

jury trial in the United States District Court for the District of Maryland, of eight counts of mail fraud, in violation of 18 U.S.C. §§ 1341, 1346 and 2.[2] *United States v. Bereano,* Criminal No. WMN 94–0208. On April 25, 1995, he was sentenced to concurrent probation terms of five years on each count. Respondent's probation was conditioned on his serving a six-month term of community confinement with work release privileges, a fine of $20,000, and 500 hours of community service. As a result of his criminal convictions, on April 27, 1995, the United States District Court for the District of Maryland suspended Respondent.

On May 11, 1995, the Court ordered Respondent suspended from the practice of law in the District of Columbia pursuant to Rule XI, § 10(c), and directed the Board to institute a formal proceeding to determine the nature of the final discipline to be imposed, and specifically to review the elements of the crime of which Respondent was convicted for the purpose of determining whether it involves moral turpitude within the meaning of D.C.Code § 11–2503(a). (Docket No. 513–94). On May 19, 1995, the Court suspended Respondent pursuant to Rule XI, § 11(d), based on his suspension by the District Court and directed the Board to consider whether reciprocal discipline should be imposed. (Docket No. 188–95).

### Discussion

█ It is well-established that mail fraud, a felony offense, is a crime of moral turpitude *per se. See In re Juron,* 649 A.2d 836 (D.C. 1994); *In re Fox,* 627 A.2d 511 (D.C.1993); *In re Simon,* 626 A.2d 333 (D.C.1993); *In re Bond,* 519 A.2d 165 (D.C.1986); *In re Kerr,* 424 A.2d 94 (D.C.1980). Respondent was convicted of seven counts of mail fraud, and he has presented no reasons why he should

not be disbarred for committing a felony involving moral turpitude *per se.*

█ The Board has held that where a criminal conviction and a related foreign order of discipline are simultaneously referred to the Board for a recommendation, that the issue of whether the criminal conviction involves moral turpitude *per se* should be decided first. *In re Saul,* D.N. 220–93, *et al.* (BPR July 31, 1995); *In re Mason,* D.N. 113–93 (BPR Feb. 28, 1994). Where the Board concludes that the offense involves moral turpitude *per se,* that ends the matter, and the reciprocal discipline proceeding should be dismissed as moot. *In re Sharpe,* D.N. 238–92 (BPR Dec. 1, 1994); *see In re Slater,* 627 A.2d 508, 509 (D.C.1993). Because the Board has concluded that Respondent's conviction, on its face, involves moral turpitude and requires Respondent's disbarment under D.C.Code § 11–2503(a), it recommends that the reciprocal discipline proceeding against Respondent be dismissed.

### Conclusion

Based on the foregoing, the Board recommends that Respondent be disbarred from the practice of law pursuant to D.C.Code § 11–2503(a) for commission of a crime involving moral turpitude *per se.* The disbarment should run from the date of the filing of his affidavit pursuant to Rule XI, § 14. The Board further recommends that the reciprocal discipline proceeding pending against Respondent should be dismissed as moot.[3]

BOARD ON PROFESSIONAL RESPONSIBILITY

By: _____
    Hallem H. Williams

Dated: _____

2. After trial, Respondent was found not guilty of the eighth count based on his motion for judgment of acquittal.

3. Bar Counsel advises that Respondent has appealed his conviction and that the government has appealed the sentence. Under *In re Hirschfeld,* 622 A.2d 688, 690 (D.C.1993), the Board is required to forward its report and recommendation to the Court for further action, notwithstanding pendency of the appeal. Bar Counsel should deliver a certified copy of the final judgment on appeal of the criminal conviction as soon as it becomes available so that the Court may take final action.

All members of the Board concur in this Report and Recommendation except Mr. Fox, who did not participate.