**In re Jeffrey C. TAYLOR, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 99–BG–1149.

District of Columbia Court of Appeals.

Submitted Dec. 14, 2000.
Decided Jan. 11, 2001.

Before WAGNER, Chief Judge, and REID and GLICKMAN, Associate Judges.

PER CURIAM:

On July 26, 1999, the Court of Appeals of Maryland indefinitely suspended respondent Jeffrey C. Taylor by consent. Respondent consented to an indefinite suspension in light of two pending complaints against him alleging (1) that, while acting as the personal representative of an estate, he failed to account for or justify disbursements to himself and knowingly submitted false statements and accountings to the court, and (2) that he failed to account for or justify the improper use of funds held in trust by him. On September 14, 1999, after Bar Counsel notified this court of respondent's suspension in Maryland, we temporarily suspended respondent pursuant to D.C. BAR R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("the Board").

On October 26, 1999, Bar Counsel informed this court that respondent had pled guilty in Maryland to two counts of felony theft, one count of fraudulent misappropriation by a fiduciary, and one count of obstructing justice. On November 8, 1999, this court temporarily suspended respondent pursuant to D.C. BAR R. XI, § 10(c), and directed the Board to institute a formal proceeding to determine the nature of the final discipline to be imposed and, specifically, to decide whether any of respondent's crimes involved moral turpitude.

The Board has now filed a report and recommendation. The Board finds that each of respondent's convictions involves moral turpitude *per se* and recommends disbarment pursuant to D.C.Code § 11–2503(a) (1995). The Board further recommends that the reciprocal proceeding be dismissed as moot. Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation.[1] Respondent has not filed any exceptions to the Board's report and recommendation.

It is clear that disbarment is warranted under D.C.Code § 11–2503(a). *See, e.g., In re O'Malley,* 683 A.2d 464 (D.C.1996) (fraudulent misappropriation by a fiduciary is a crime involving moral turpitude *per se*); *In re Wiley,* 666 A.2d 68 (D.C.1995) (felony theft involves moral turpitude *per se*). Accordingly, we adopt the Board's recommendation, and it is

---

1. Bar Counsel also notified this court that respondent was subsequently disbarred by the Court of Appeals of Maryland and the United States District Court for the District of Maryland.

ORDERED that Jeffrey C. Taylor be disbarred, pursuant to D.C.Code § 11–2503(a), from the practice of law in the District of Columbia. The reciprocal proceeding is hereby dismissed as moot. We note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g). Respondent's attention is directed to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*