**In re Julia A. SOININEN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–1081.**

District of Columbia Court of Appeals.

Oct. 25, 2001.

---

Before SCHWELB and GLICKMAN, Associate Judges, and NEWMAN, Senior Judge.

NEWMAN, Senior Judge:

Julia A. Soininen[1] has a long standing problem with abuse of both alcohol and doctor prescribed anti-anxiety medication. In the view of the Board on Professional Responsibility, Bar Counsel, and Ms. Soininen, her addiction to these substances "substantially affected" the conduct which culminated in her conviction of two misdemeanors in the State of Virginia, and brings the matter to us. They all are in agreement that Soininen thus deserves the benefits of our holding in *Kersey*.[2] We agree.

On May 25, 1999, Soininen pled guilty to the misdemeanor offenses of theft and possession of a Schedule III controlled substance, not obtained pursuant to a valid prescription. She was sentenced to ninety days imprisonment, with the execution of the confinement suspended, and fined $100 on each charge. She timely reported these matters to the Board on Professional Responsibility, submitting a certified copy of the judgment of convictions.[3]

The underlying misconduct occurred in April, 1999. The Board's Report states:

On April 15, Respondent was arrested by Fairfax County, Virginia, police on a charge of driving while intoxicated in violation of Section 18.2–266 (82–I–6) of the Code of Virginia. Thereafter, on the evening of April 28, 1999, after having attended an Alcoholics Anonymous meeting, Respondent attempted to steal flowers and potting soil valued at less than $200 from Sam's Nursery, an establishment which she passed on her way home from the meeting. This was a spontaneous event, resulting from her feelings of frustration and guilt while at the Alcoholics Anonymous meeting.

When arrested, Soininen was in possession of a Schedule III controlled substance (the painkiller Vicodin), which had not been prescribed for her.[4]

---

1. Since the events which bring us here, Soininen has married. For convenience, we will refer to her by her maiden name.

2. *In re Kersey*, 520 A.2d 321 (D.C.1987).

3. Bar Counsel noted to the Board that this reporting was unusually forthcoming.

4. She had pilfered these pills from the desk of a coworker.

These matters were reported to this court by the Board in the fall of 1999. On September 9, 1999, we entered an order pursuant to D.C. Bar R. XI, § 10(c) suspending her and directing the Board to determine whether the offenses or conduct involved moral turpitude, within the meaning of D.C.Code § 11–2503(a). The Board recognized that since the convictions were misdemeanors, they did not *per se* constitute moral turpitude. *In re McBride*, 602 A.2d 626, 629 (D.C.1992). They referred the matter to a Hearing Committee to determine whether the underlying conduct did.

Hearing Committee Number One concluded that the underlying conduct did not involve moral turpitude. After hearing extensive testimony concerning Soininen's addiction to alcohol and prescribed anti-anxiety medication (Klonipin), the Hearing Committee determined that while Soininen's conduct violated Rules 8.4(b) and (c) of the District of Columbia Rules of Professional Conduct, she had established by clear and convincing evidence that her conduct was "substantially affected by her addiction." Applying *Kersey, supra,* 520 A.2d at 321, and *In re Temple*, 596 A.2d 585 (D.C.1991) (*Kersey* applied where respondent addicted to lawfully obtained prescription drugs), the Hearing Committee recommended a thirty-day suspension, stayed with probation for two years, on condition that respondent maintain her sobriety with appropriate monitoring and reporting. Neither Bar Counsel nor Soininen filed exceptions before the Board to the Hearing Committee Report and Recommendations. The Board on Professional Responsibility concurred with the Hearing Committee and adopted its Report and Recommendations. Neither Bar Counsel

nor Soininen opposes the Board's recommendation in this court.

■ Under our rules, we must impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(g)(1). Our deference is heightened where, as here, neither Bar Counsel nor respondent opposes the Board's recommendation. *In re Sumner*, 762 A.2d 528 (D.C.2000); *In re Delaney*, 697 A.2d 1212 (D.C.1997). The recommendation of a thirty-day suspension is consistent with discipline in comparable cases. *See In re Miller*, 553 A.2d 201, 206 (D.C.1989); *In re Kent*, 467 A.2d 982 (D.C. 1983). *See also In re Vohra*, 762 A.2d 544, 545 (D.C.2000). However, prior to this case, we have not had an opportunity to consider the availability of *Kersey* mitigation to misconduct resulting in a criminal conviction.[5] We now turn to that question.

■ Our disciplinary structure recognizes that in certain circumstances, special significance with respect to sanction attaches to the fact of a criminal conviction. D.C.Code § 11–2503(a) (2001) provides (in pertinent part) that upon a final judgment of conviction of an offense involving "moral turpitude ... the name of the member of the bar so convicted shall be struck from the roll of the members of the bar and such person shall thereafter cease to be a member." We have no occasion here to consider whether a conviction within the meaning of § 2503(a) would be subject to *Kersey* mitigation, although we do note the mandatory nature of § 2503(a). The Hearing Committee, the Board, Bar Counsel and Soininen are in unanimous agreement that neither on the elements of the

---

**5.** Neither the Hearing Committee nor the Board on Professional Responsibility discussed this question.

offense *per se*, nor on the facts did the conduct involved here constitute "moral turpitude" as defined by our cases. The record here discloses that the Klonipin, which Soininen abused, was legally prescribed and that she did not use any of the Vicodin she was convicted of unlawfully possessing. Neither the parties nor the Hearing Committee or Board dispute these facts. Thus, we must decide whether the fact of conviction of two misdemeanors not involving "moral turpitude" should bar the availability of *Kersey* mitigation. We see no reason in law or logic why it should.

■■■ We have applied *Kersey* where the misconduct included incidents of misappropriation of clients funds which, in "virtually all cases," mandates disbarment. *In re Addams*, 579 A.2d 190, 191 (D.C. 1990). For example, in *Kersey*, among the twenty-four separate violations, there were multiple instances of misappropriation and commingling of client funds. Likewise, in *Temple*, among the twenty-seven violations was a count of misappropriation of guardianship funds and several counts of filing false documents with the Superior Court to conceal the misappropriation. While we recognize that neither of these cases involved criminal conviction (it appears that there is seldom criminal prosecution of attorneys in cases of misappropriation of fiduciary funds), we note that the conduct in these cases clearly did involve moral turpitude as that term is used in D.C.Code § 11–2503(a). It would be anomalous that *Kersey* mitigation would be available to conduct which does involve moral turpitude otherwise mandating disbarment, but not available to conduct not involving moral turpitude which would normally result in a thirty-day suspension simply because in the latter case, the conduct led to a misdemeanor conviction (or convictions). We decline to so hold. Rather, we hold that *Kersey* mitigation may be used in appropriate cases where the misconduct has resulted in misdemeanor convictions of crimes not involving moral turpitude.[6] We emphasize that we do not hold that *Kersey* mitigation is available in cases involving D.C.Code § 11–2503(a). We also adhere to our holding of *In re Marshall*, 762 A.2d 530, 534–35 (D.C.2000) that *Kersey* mitigation is not available in cases of addiction to illegal drugs (in *Marshall*, cocaine).

ORDERED that Julia A. Soininen be and she hereby is suspended from the practice of law in the District of Columbia for a period of thirty days.[7] Said suspension is stayed however, and she is placed on probation for two years with the following conditions: that she maintain her sobriety with appropriate monitoring and reporting by the D.C. Bar's Lawyer Counseling Program; that within fifteen days of the date of this order, she execute appropriate releases authorizing the Lawyer Counseling Program to report to Bar Counsel and testify regarding any lapse in respondent's sobriety; and that respondent comply with the District of Columbia Rules of Professional Conduct.

*So ordered.*

---

**6.** We leave for another case on another day the issue of whether the same rule would be applicable to a felony conviction not involving moral turpitude.

**7.** On or about August 23, 2000, Soininen filed an affidavit pursuant to D.C. Bar R. XI, § 14(g). She has remained suspended since our order of September 9, 1999.