**In re Michael ABBELL, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–1472.**

District of Columbia Court of Appeals.

Submitted Jan. 7, 2003.

Decided Jan. 16, 2003.

Before WAGNER, Chief Judge, and SCHWELB and REID, Associate Judges.

PER CURIAM:

Michael Abbell, a member of our Bar, was found guilty by a jury in the United States District Court for the Southern District of Florida of conspiracy to launder money and of RICO conspiracy. *See* 18 U.S.C. §§ 1956, 1961 *et seq.* (2000). The district court upheld the money laundering conspiracy conviction, but granted Abbell's motion for judgment of acquittal as to the RICO conspiracy. Both Abbell and the government appealed, and in *United States v. Abbell,* 271 F.3d 1286 (11th Cir. 2001), the court affirmed the laundering conspiracy conviction and reinstated the RICO conspiracy conviction. On October 7, 2002, the Supreme Court denied Abbell's petition for *certiorari. Abbell v. United States,* —— U.S. ——, 123 S.Ct. 74, 154 L.Ed.2d 16 (2002).

On July 16, 2002, the Board on Professional Responsibility, noting that "Bar Counsel and Respondent appear to agree that Respondent's RICO [conspiracy] conviction involves moral turpitude *per se,*" recommended that Abbell be disbarred pursuant to D.C.Code § 11–2503(a) for

conviction of a crime of moral turpitude. The Board continued:

> Respondent opposes Bar Counsel's motion, urging that the Board and Court defer action on the RICO conviction until the Eleventh Circuit rules on Respondent's pending motion for rehearing *en banc.* Respondent concedes that, if his appeal efforts ultimately fail, his "disbarment will likely be inevitable and uncontested." [1]

As previously noted, the Supreme Court has now denied Abbell's petition for *certiorari.*

Neither Bar Counsel nor Abbell has excepted to the Board's recommendation,[2]

which, in any event, § 11–2503(a) requires us to follow in this case. Accordingly, Michael Abbell is hereby disbarred from the practice of law in the District of Columbia; for purposes of reinstatement, his disbarment shall run from the date he files a satisfactory affidavit pursuant to D.C.App. R. XI, § 14(g).[3]

*So ordered.*

1. Relying on *In re Bereano,* 719 A.2d 98, 98 n. 1 (D.C.1998), the Board correctly noted that the pendency of a petition for discretionary review does not affect the finality of a conviction for disbarment purposes.

2. Counsel for Abbell filed a motion for leave to make an untimely request for oral argument, but as Abbell had not filed exceptions or a brief, and because "points not urged in a party's initial brief are deemed abandoned," *In re Shearin,* 764 A.2d 774, 778 (D.C.2000),

and may not be raised in oral argument, *id.,* the court denied the motion.

3. In a footnote to its Report the Board stated:

   Respondent filed an affidavit pursuant to D.C.App. R. XI, § 14(g) on November 16, 1998. In the affidavit, Respondent has not demonstrated that he has notified clients in non-litigated matters of his compliance with the [c]ourt's order of interim suspension.