**In re Allen M. SHORE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 96–BG–1214.**

District of Columbia Court of Appeals.

Submitted Feb. 6, 2003.
Decided Feb. 27, 2003.

Before TERRY and SCHWELB, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

On December 3, 1999, Allen M. Shore, a member of our Bar, was convicted in the Circuit Court of Broward County, Florida, of RICO conspiracy on the basis of his plea of guilty to that offense.[1] The RICO conviction was based on Shore's admission that he engaged in fraudulent mortgage transactions, in criminal violation of Florida's organized fraud and theft statutes. The Board on Professional Responsibility has recommended that Shore be disbarred.

An offense involving fraud generally constitutes moral turpitude *per se. See, e.g., In re Bereano,* 719 A.2d 98, 99 (D.C. 1998) (per curiam) (mail fraud); *In re Saul,* 671 A.2d 461, 461 (D.C.1996) (per

curiam) (bank fraud); *In re Abbell,* No. 98–BG–1472, 814 A.2d 961 (D.C. 2003) (per curiam) (RICO conspiracy involving laundering of money). Accordingly, disbarment is mandated by statute. *See* D.C.Code § 11–2503(a) (2001). Neither Bar Counsel nor Shore has contended that Shore should not be disbarred,[2] and under the circumstances our deferential standard of review vis-a-vis the Board's recommendation, *see* D.C. Bar R. XI, § 9(g), is even more deferential. *In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995). Accordingly, Allen M. Shore is hereby disbarred.

*So ordered.*[3]

---

1. Shore also entered pleas of guilty to one count of organized fraud and two counts of grand theft. Adjudication of guilt of these was "withheld." Under Florida procedure as described to Bar Counsel by the Florida Statewide Prosecutor's office, these counts may be used for purposes of calculating the sentence of any new crimes Shore might commit.

2. Bar Counsel has indicated her disagreement with the Board with respect to certain issues

involving the imposition of reciprocal discipline against Shore. Because this court is not imposing reciprocal discipline, however, we have no occasion to address the difference of opinion between Bar Counsel and the Board.

3. For purposes of any future application for reinstatement, Shore's disbarment shall be deemed to commence when Shore files a satisfactory affidavit demonstrating compliance with D.C. Bar R. XI, § 14(g).