**In re: James S. POWELL, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–485.**

District of Columbia Court of Appeals.

Submitted Nov. 6, 2003.
Decided Nov. 26, 2003.

Before REID and WASHINGTON, Associate Judges, and KING, Senior Judge.

PER CURIAM:

Respondent James S. Powell is a member of the State Bar of Virginia and the bar of this court. On May 18, 1999, respondent pled guilty in a Norfolk, Virginia court to a misdemeanor offense of drawing a check of less than $ 200 on insufficient funds, with intent to defraud, in violation of § 18.2–181 of the Code of Virginia. Respondent was sentenced to a six-month term, execution suspended on the condition of one-year probation.

As a result of respondent's plea, the Virginia Bar issued a public reprimand

based on the plea and the finding that the misdemeanor conviction reflected adversely on his fitness to practice law, in violation of Virginia Disciplinary Rule 1–102(A)(3).

Respondent did not report his conviction to Bar Counsel as required by D.C. Bar R. XI, § 11(b). On February 20, 2001, the Virginia Bar mailed Bar Counsel a copy of the reprimand order; thereafter, Bar Counsel filed with this court a certified copy of the Virginia court's disciplinary order and informed this court of respondent's conviction. On May 9, 2001, this court ordered respondent suspended pursuant to D.C. Bar R. XI, § 10(c) and directed the Board on Professional Responsibility ("Board") to institute a formal proceeding for a determination of final discipline.

The Board referred the matter to a Hearing Committee ("Committee") to determine whether the misdemeanor offense constituted an offense involving moral turpitude and whether reciprocal proceedings should be commenced. Specifically, the Committee was instructed to dismiss the reciprocal proceedings if moral turpitude was found, and if not, to determine the discipline to be imposed. Additionally, the Board referred the matter to Bar Counsel to determine whether an original petition should be filed. Bar Counsel did file specific charges on July 12, 2002, alleging violations of District of Columbia Rules of Professional Conduct ("Rules") 8.4(b) and 8.4(c). The Committee considered all claims during its hearings. The Committee issued its report on January 9, 2003, and determined that given all of the facts, the conviction did not involve moral turpi-

tude but that respondent had violated Rules 8.4(b) and 8.4(c).

The Board recommends that respondent be suspended for a period of thirty days, *nunc pro tunc* to October 16, 2002, when respondent filed his D.C. Bar R. XI, § 14(g) affidavit and that the reciprocal proceeding be dismissed as moot.

 Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent filed a statement that he takes no exception to the Board's report and recommendation. This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* Respondent's failure to file any exceptions to the Board's report and recommendation increases this court's already substantial deference to the Board. D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997).

We find substantial support in the record for the Board's findings,[1] and, accordingly, we accept them. Likewise, we adopt the sanction recommended by the Board, as it is not inconsistent with discipline imposed in similar cases. *See In re Krouner*, 748 A.2d 924 (D.C.), *cert. denied*, 531 U.S. 993, 121 S.Ct. 484, 148 L.Ed.2d 457 (2000). Accordingly, it is

ORDERED that James S. Powell is suspended from the practice of law in the District of Columbia for a period of thirty days. This suspension is ordered *nunc*

---

**1.** The Committee took into account the facts surrounding respondent's plea and found that while the misdemeanor conviction required respondent to admit that he intended to defraud, in light of the full set of facts as re-

quired by *In re McBride*, 602 A.2d 626 (D.C. 1992) (en banc), including respondent's emotional state as required by *In re Soininen*, 783 A.2d 619 (D.C.2001), the crime did not constitute a crime involving moral turpitude.

*pro tunc* to October 16, 2002, the date respondent filed an affidavit in compliance with D.C. Bar R. XI, § 14(g). Further, the reciprocal proceeding is hereby dismissed as moot. *See In re Taylor,* 765 A.2d 546 (D.C.2001).

*So ordered.*