**In re Julia A. SOININEN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 05–BG–470.**

District of Columbia Court of Appeals.

Submitted Dec. 6, 2005.
Decided Dec. 22, 2005.

See also, 783 A.2d 619, 853 A.2d 712.

Before REID and FISHER, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM.

The Board on Professional Responsibility ("Board"), having adopted the findings and conclusions of Hearing Committee Number Eleven, has found that respondent Julia A. Soininen failed to provide competent representation, failed to serve her client with skill and care, took an illegal fee, recklessly misappropriated conservatorship funds, and engaged in conduct which seriously interfered with the administration of justice. The Board has concluded respondent should be disbarred, but that mitigating factors justify staying disbarment and placing respondent on conditional probation for three years.

■ Respondent's misconduct occurred during her service as guardian and conservator to Anna Kaminski and her estate between 1997 and 2000. Respondent was appointed by the Probate Division of the Superior Court to be guardian and conservator for Ms. Kaminski and her estate, but she never acquired a full understanding of what a conservator is and does. Respondent never posted a bond as required by her appointment, failed to file any required accounts or reports with the court, and failed to file a suggestion of death after Ms. Kaminski passed away in 1999. In addition, without the court's knowledge or approval, respondent distributed estate funds and paid herself legal fees. The Board concluded that respondent's conduct violated District of Columbia Rules of Professional Conduct 1.1(a), 1.1(b), 1.5(a), 1.15(a), and 8.4(d).

■ But in considering the appropriate sanction, the Board has also concluded that respondent is entitled to mitigation under *In re Kersey,* 520 A.2d 321 (D.C. 1987), because she suffered from a disability based on psychiatric disorders, addiction to prescription drugs, and alcoholism, and that her misconduct was substantially affected by her disability. The Board was impressed with the substantial efforts respondent has made to rehabilitate herself

as well as with her apparent contrition. While it is somewhat troubled by respondent's tendency to rationalize her behavior, the Board has found this to be a minor concern and recommends respondent be disbarred, but that imposition of the sanction be stayed in favor of a three-year period of monitored and conditional probation.[1]

This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* Our deference in this case is heightened by the fact that neither Bar Counsel nor respondent opposes the Board's report and recommendation. D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997).

Accordingly, we accept its findings and recommended sanction, and it is

ORDERED that Julia A. Soininen is hereby disbarred from the practice of law in the District of Columbia. However, disbarment is stayed and respondent is placed on three years of probation subject to the conditions imposed by the Board in its Report and Recommendation. If respondent violates any term of her probation or commits any additional violation of the District of Columbia Rules of Professional Conduct, she will be subject to revocation of her probation and imposition of the term of disbarment.

*So ordered.*

---

1. As the Board noted, "the core misconduct in this case occurred prior to the discipline imposed under *In re Soininen,* 783 A.2d 619 (D.C.2001) ... and *In re Soininen,* 853 A.2d 712 (D.C.2004)"and the "misconduct in this case overlapped the misconduct in ... [the first of these cases] ... in which ... [Soininen] ... successfully established *Kersey* mitigation."