**In re Barry NAKELL, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 198382).**

**Nos. 06–BG–1305, 06–BG–1367.**

District of Columbia Court of Appeals.

Decided Jan. 26, 2012.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Before GLICKMAN and EASTERLY, Associate Judges, and FARRELL, Senior Judge.

PER CURIAM:

Before this division of the court is the report and recommendation of an *Ad Hoc* Hearing Committee recommending approval of a petition for negotiated attorney discipline. *See* D.C. Bar Rule XI, § 12.1. These disciplinary matters initially arose via separate reciprocal and original disciplinary actions following respondent's 1991 and 1999 convictions in North Carolina for misdemeanor larceny. While these matters were pending, the court amended its rules to provide for negotiated discipline under certain conditions. According to the petition jointly filed by respondent, Barry Nakell, and Bar Counsel, on March 8, 2011, respondent stipulated to shoplifting and two acts of misdemeanor larceny from 1991 to 1999. After review of the specific facts, this matter satisfies the conditions for negotiated discipline.[1]

Respondent's convictions stemmed from petty theft of two books from North Carolina bookstores. In 1991, respondent entered a guilty plea after he removed a book valued at $11.95 without paying for it and he was ordered to pay court costs, contribute $100 to a charity and perform 100 hours of community service. Based upon his guilty plea, respondent consented to a disciplinary sanction in North Carolina of a one year suspension stayed in favor of four years of probation with conditions including psychological treatment during the period of the stay. In 1999, respondent entered a guilty plea after he concealed a book under a newspaper without paying, but he relinquished the book upon being confronted by the store clerk. After entering a guilty plea, the North Carolina State Bar issued an Order of Discipline suspending respondent from the practice of law for four years, stayed with conditions including continued psychiatric treatment during the period of the stay.

Addressing the 1999 original disciplinary action, the *Ad Hoc* Hearing Committee determined that respondent's plea for misdemeanor larceny did not involve a crime of moral turpitude as there was no evidence of intentional dishonesty for personal gain and the conduct was mitigated by respondent's mental health issues. We find no error in that determination. In determining whether the proposed sanction was appropriate in light of the earlier disciplinary sanction imposed in North Carolina and respondent's 1991 guilty plea for shoplifting, the *Ad Hoc* Committee acknowledged that respondent mitigated his conduct by taking full responsibility and fully cooperating with Bar Counsel. Moreover, respondent had no further criminal convictions or disciplinary actions for actions occurring after 1999 and he re-

1. These offenses indicate that respondent engaged in conduct in violation of Rule 8.4(b) and (c) of the District of Columbia Rules of Professional Conduct.

ceived treatment for his condition. As a result of respondent's conduct and other mitigating factors, the *Ad Hoc* Committee agreed that the negotiated sanction of a six month suspension from the practice of law stayed in favor of three years of probation with conditions was appropriate and was within the range of sanction imposed for similar violations.

After consideration of the report and recommendation of the *Ad Hoc* Hearing Committee and in accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline and accept the Committee's Report and Recommendation approving the petition for negotiated discipline. The *Ad Hoc* Committee reviewed the circumstances of the disciplinary events, properly weighed the mitigating factors, and found that the negotiated discipline falls within the range of discipline imposed for similar actions.[2] Accordingly, it is

ORDERED that Barry Nakell is suspended from the practice of law in the District of Columbia for the period of six months but the suspension is stayed in favor of three years of probation on the condition that respondent is not found guilty of any state or federal crimes or to have violated any Rules of Professional Conduct. *See* D.C. Bar R. XI, § 14(f).

*So ordered.*

---

**2.** *See In re Soininen,* 783 A.2d 619, 621–22 (D.C.2001) (imposing 30–day suspension for misdemeanor theft, stayed in favor of two years probation where conduct mitigated due to alcohol and drug addiction) and *In re Kent,* 467 A.2d 982, 985 (D.C.1983) (imposing 30–day suspension for misdemeanor theft where psychiatric treatment made recurrence of misconduct unlikely.)