**In re Paul B. ROYER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 484398).**

**No. 09–BG–1096.**

District of Columbia Court of Appeals.

Decided Jan. 26, 2012.

Before GLICKMAN and EASTERLY, Associate Judges, and FARRELL, Senior Judge.

PER CURIAM:

Before this division of the court is the Report and Recommendation of an *Ad Hoc* Hearing Committee ("Committee") recommending approval of a petition for negotiated attorney discipline. *See* D.C. Bar

Rule XI, § 12.1. The Committee initially rejected the petition, questioning whether respondent suffered from an alcohol abuse problem. Upon submission of a joint motion to re-open the record and for reconsideration filed by Bar Counsel and respondent, which contained an affidavit from respondent's former employer attesting that he never observed any behavior of the respondent suggesting a drinking problem, the Committee convened for a limited hearing. The Committee determined that respondent's conviction for second-degree theft, based upon his failure to pay a $19 cab fare, was not a crime involving moral turpitude because it was less a deliberate act for personal gain than a misguided or aberrational one connected to his consumption of alcohol that evening. The Committee properly applied the elements established in *In re Rigas*[1] to arrive at this conclusion and we find no error in the Committee's determination. Furthermore, the Committee reviewed the circumstances of the disciplinary events, properly weighed the mitigating factors, and found that the negotiated discipline—a 30–day suspension—falls within the range of discipline imposed for similar actions.[2] Respondent has already served the 30–day suspension during his temporary suspension by this court pursuant to D.C. Bar R. XI, § 10(c).

In accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Paul B. Royer is suspended from the practice of law in the District of Columbia for the period of 30 days, *nunc pro tunc* to October 21, 2010, when respondent filed his affidavit pursuant to D.C. Bar R. XI, § 14(g) during his interim suspension, and as such the suspension provision has been satisfied.

*So ordered.*

---

1. 9 A.3d 494, 498 (D.C.2010) (stating that in order for a Hearing Committee to accept negotiated discipline, it must satisfy itself that there is no evidence in the record of moral turpitude after independent consideration and outlining five elements to satisfy this inquiry including (1) the crime does not involve moral turpitude *per se*, (2) Bar Counsel, explaining his efforts, has exhausted all reasonable means to find proof of moral turpitude, (3) Bar Counsel does not believe that there is sufficient evidence of moral turpitude, (4) all the facts relevant to a determination of moral turpitude are stated in the petition, and (5) similar precedent is cited in the petition for negotiated discipline.).

2. *See In re Powell,* 836 A.2d 579 (D.C.2003) (Thirty day suspension for drawing a check of less than $200 on insufficient funds); *In re Soininen,* 783 A.2d 619, 621–22 (D.C.2001) (Thirty day suspension for misdemeanor theft of potting soil, stayed in favor of two years probation where conduct mitigated due to alcohol and drug addiction); *In re Kent,* 467 A.2d 982, 985 (D.C.1983) (imposing thirty day suspension for misdemeanor theft of petit larceny.).