**In re Albert R. ZARATE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 444609).**

**No. 10–BG–1392.**

District of Columbia Court of Appeals.

Decided Sept. 27, 2012.

Before OBERLY and EASTERLY, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

Before the court is the Report and Recommendation of an *Ad Hoc* Hearing Committee ("Committee") recommending approval of a petition for negotiated attorney discipline. *See* D.C. Bar Rule XI, § 12.1. The Committee concluded, after a limited hearing on the petition, review of a supporting affidavit from respondent, representations by respondent and Bar Counsel, an *in camera* review of Bar Counsel's files and records, and an *ex parte* meeting with Bar Counsel, that respondent's guilty plea for petit larceny in Virginia does not involve moral turpitude as developed on this record. Respondent and Bar Counsel negotiated a ninety-day suspension *nunc pro tunc* to December 16, 2010, and the Committee recommends adopting the sanction.

The Committee properly applied the elements adopted in *In re Rigas*[1] to arrive at

---

1. 9 A.3d 494, 498 (D.C.2010) (adopting, for negotiated discipline cases, the Board of Professional Responsibility's guidelines required for a Hearing Committee to satisfy itself after independent consideration that there is no evidence in the record of moral turpitude and outlining five elements to consider in reaching that conclusion: (1) the crime *does not* involve moral turpitude *per se*, (2) Bar Counsel, explaining his efforts, has exhausted all reasonable means to find proof of moral turpitude, (3) Bar Counsel does not believe that there is sufficient evidence of moral turpitude, (4) all the facts relevant to a determination of moral turpitude are stated in the petition, and (5) similar precedent is cited in the petition for negotiated discipline.).

this conclusion and we find no error in the Committee's determination. Furthermore, the Committee reviewed the circumstances of the disciplinary event, properly weighed the mitigating factors, (including treatment for depression as the cited cause of the misconduct), and found that the negotiated discipline—a ninety-day suspension—falls within the range of discipline imposed for similar actions.[2] Respondent has already served the ninety-day suspension during his temporary suspension by this court pursuant to D.C. Bar R. XI, § 10(c) and filed the affidavit required by D.C. Bar R. XI, § 14(g).

In accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Albert R. Zarate is suspended from the practice of law in the District of Columbia for the period of ninety days, *nunc pro tunc* to December 30, 2010, the date he filed his affidavit pursuant to D.C. Bar R. XI, § 14(g).

*So ordered.*

---

2. *See In re Soininen,* 783 A.2d 619, 621–22 (D.C.2001) (imposing a thirty-day suspension for misdemeanor theft of potting soil, stayed in favor of two years' probation where conduct mitigated due to alcohol and drug addiction); *In re Kent,* 467 A.2d 982, 985 (D.C. 1983) (imposing thirty-day suspension for misdemeanor theft.).